## HAYWORTH v. THE STATE.

In an information for maliciously killing horses, an allegation of the manner
of the killing is surplusage.
*Quære*, whether duplicity in such an information is a ground for quashal under
the code.
Where injuries to two animals are alleged to have been inflicted at the same
time and place, but one offense is charged, and there is no duplicity.
If the jury, in such case, find the defendant guilty as to one animal, and say
nothing as to the other, they acquit as to the latter.

*Thursday,*   APPEAL from the *Pulaski* Court of Common Pleas.
*August 23.*
PERKINS, J.—Information against *Hayworth* for mali-
ciously killing a horse and colt, of the value of 160 dol-
lars, the property of, &c. It is charged that the horse was
poisoned and the colt stabbed. The allegation is that
both animals were injured and killed by *Hayworth*, at the

same time and place. The allegation of the manner of killing was surplusage. Ind. Dig., p. 371. A motion to quash was overruled.

The only objection of any plausibility urged against the information is duplicity. We are not sure that duplicity would be a ground of quashal, under the code (see 2 R. S. p. 368); though it was at common law, certainly, in felonies. But in this case there was no duplicity. The injuries to the two animals were inflicted in one transaction. They constituted the one offense of malicious injury to property. See 1 Wat. Archb., p. 95—2. If by one act, a person commits an assault and battery upon two persons, it is but one offense. 1 Wat. Archb., 111—2; and 2 Wat. Graham on New Trials, p. 52, *et seq.* It is doubted if duplicity is ground for a motion in arrest at common law. Wat. Archb., *supra*, note to p. 96—1.

In larceny, it is said in a note to 4 Blacks., p. 231, that "where it is one continuing transaction, though there be several distinct asportations, in law by several persons, yet all may be indicted as principals who concur in the felony before the final carrying away of the goods," &c.

There was no motion for a new trial on written reasons filed.

The evidence is not of record.

It sufficiently appears that a lawful jury was sworn to try the issue. *French* v. *The State*, 12 Ind. R. 670.

The jury found the defendant guilty as to the colt, and said nothing as to the horse. This was tantamount to a verdict of acquittal as to the latter. See *Weinzorpflin* v. *The State*, 7 Blackf. 186. See *The State* v. *Slocum*, 8 *id.* 315; Ind. Dig., 688.

*Per Curiam.*—The judgment is affirmed with costs.

*D. D. Dykeman, J. W. Eldridge*, and *D. D. Pratt*, for the appellant.

*J. E. McDonald*, Attorney General, *A. L. Roache*, and *H. P. Biddle*, for the state.