O'Connell *vs.* The State of Georgia.

DENNIS O'CONNELL, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

Where the defendant was indicted on two counts for simple larceny and receiving stolen goods, knowing them to have been stolen, the gist of the offense in the last count is the felonious *knowledge* that the goods were stolen, and if the jury find a special verdict of "guilty of receiving stolen goods," without more, the verdict is bad, and the judgment will be arrested: See *28 Georgia, 367.*

Criminal law. Receiving stolen goods. Verdict. Before Judge BARTLETT. Chatham Superior Court. February Term, 1875.

Reported in the opinion.

RUFUS E. LESTER; M. J. O'DONOGHUE, for plaintiff in error.

W. G. CHARLTON, solicitor general *pro tem.,* for the state.

Ross *vs.* The State of Georgia.

JACKSON, Judge.

The single question necessary to be decided in this case is, whether the judgment will be arrested on a charge in an indictment for receiving stolen goods, knowing them to have been stolen, when the jury return a special verdict of "guilty of receiving stolen goods." We think the principle ruled by this court in the case of *Couch vs. The State*, 28 *Georgia*, 367, controls this case. The gist of the offense is the felonious knowledge. The jury did not find that, and the fact that they made a special verdict omitting the very gist of the offense, is presumptive proof that they did not mean to find it. What they have found is no offense. The verdict is a mere nullity, and no legal judgment or sentence can be predicated thereon. We think the court erred, therefore, in not arresting it, and reverse his judgment. It becomes unnecessary to consider the motion for a new trial.

Judgment reversed.