ARCHIBALD HOGAN AND WILLIAM HOGAN, PLAINTIFFS IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. A motion in arrest of judgment should be granted when the verdict finds an accused person guilty of an offence not charged, or included in the charge made, in the indictment.

2. The gist of the offence denounced by Section 2403, Revised Statutes, is the intent with which the assault is committed, and an information drawn under that section must charge such intent with that certainty which is required as to other material allegations; it must not be left to uncertain inference, nor is a mere statement of such intent in the conclusion of the information by way of legal deduction or inference from facts previously alleged a sufficient allegation as to the intent.

3. An information alleging that L. H., A. H. and W. H., in Duval county, Florida on December 20, 1899, "in and upon one J. M. W., with certainly deadly weapons, to-wit: pistols, which they, the said L. H., A. H. and W. H., then and there held in their hands, an assault did make, and him, the said J. M. W., did then and there, beat, bruise wound and ill-treat; they the said L. H., A. H. and W. H., then and there having a premeditated design and intent, then and there unlawfully kill and murder him, the said J. M. W., whereby by force of the statute in such cases made and provided the said L. H., A. H. and W. H., are deemed to have committed the crime of assault with intent to murder contrary," etc., does not charge an offence under section 2403, Revised Statutes.

Writ of Error to the Criminal Court of Record for Duval County.

The facts in the case are stated in the opinion of the court.

*Clark & Gibbons and Geo. U. Walker* for Plaintiffs in Error.

*The Attorney-General,* for Defendant in Error.

CARTER, J.:

On December 22, 1899, an information was filed in the Criminal Court of Record of Duval county, charging "that Louis Hogan, Archibald Hogan and William Hogan, late of the county of Duval and State of Florida, on the 20th day of December in the year of

our Lord one thousand eight hundred and ninety-nine, in the county and State aforesaid, in and upon one James M. Williams, with certain deadly weapons, to-wit: pistols which they, the said Louis Hogan, Archibald Hogan and William Hogan then and there held in their hands, an assault did make, and him the said James M. Williams did then and there beat, bruise, wound and ill treat; they, the said Louis Hogan, Archibald Hogan and William Hogan, then and there having a premeditated design and intent then and there unlawfully to kill and murder him, the said James M. Williams; wherefore, by virtue of the statute in such case made and provided, the said Louis Hogan, Archibald Hogan and William Hogan are deemed to have committed the crime of assault with intent to murder, contrary," etc.

On January 9, 1900, upon motion of the State, the court granted a severance as to Louis Hogan, and the other defendants having been arraigned and pleaded not guilty, a trial was had as to them, resulting in a verdict as follows: "We, the jury, find the defendants guilty of assault with intent to murder in the second degree." The defendants thereupon moved in arrest of judgment upon the following grounds among others:

1. The information is not sufficient to base a sentence on the verdict rendered.

2. No sentence or judgment can legally be imposed on the verdict of the jury. This motion was overruled and the ruling is assigned as error. The court sentenced the defendants to imprisonment in the State's prison at hard labor. Archibald Hogan for a period of six years, and William Hogan for the period of four years. From these sentences the defendants sued out this writ of error. Various other rulings in the case are assigned as

Hogan v. State.—Opinion of Court.

error, but in view of our conclusions as to the ruling upon the motion in arrest of judgment, it is neither necessary or proper for us to express an opinion as to them.

It is quite evident that the trial was had upon the theory that the information charged an offence under section 2403 Revised Statutes, which read as follows: "Whoever commits an assault on another, with intent to commit any felony punishable with death or imprisonment for life shall be punished by imprisonment in the State prison not exceeding twenty years. An assault with intent to commit any other felony shall be punished to an extent not exceeding one-half the punishment which could have been inflicted had the crime been committed." Plaintiffs in error argue that under our statutory definition of murder in the second degree, it is impossible that one can commit an assault *with intent* to commit murder in that degree. We do not deem it necessary to enter upon a consideration of that question, which appears to be a difficult one, but shall assume for the purposes of this case that such an offence can be committed. The other question argued is that the information does not charge an assault with intent to commit the felony of murder in any degree. We think this contention is sound, and that the verdict rendered is for an offence not charged, or included in the charge made, in the information. It may be that the information sufficiently charges an assault, or an assault and battery, although it fails to allege that the assault was committed "unlawfully" or "without authority of law." But we find no allegation that the assault was committed *"with intent to commit"* any felony which is the offence denounced by the statute quoted. Construing it in Williams v. State, 41 Fla. ——, 26 South. Rep. 184, we said: "This

section designs to punish assaults committed with in-
tent to commit any felony. The intent is the gist of the
offence, and no one can be punished under the statute
for an assault unless it be accompanied with the requis-
ite intent." The intent, being the gist of the offence,
must be distinctly alleged with that certainty which is
required as to other material allegations. It must not be
left to uncertain inference, nor is a mere statement of
such intent, in the conclusion of the information by way
of legal deduction or inference from the facts previously
alleged, a sufficient allegation as to the intent. Drake v.
State, 19 Ohio St. 211; Cook v. State, 25 Fla. 698, 6
South. Rep. 451; Moulie v. State, 37 Fla. 321, 20 South.
Rep. 554. This information charges an assault and a bat-
tery, and then proceeds: "they, the said Louis Hogan,
Archibald Hogan and William Hogan, then and there"
—i. e. on December 20, 1899, in Duval county—"hav-
ing a premeditated design and intent then and there"
—i. e., on December 20, 1899, in Duval county—"un-
lawfully to kill and murder him, the said James M. Wil-
liams." It may be true that on the day and in the coun-
ty named defendants assaulted Williams, and that on
the same day and in the same county the defendants
had a premeditated design and intent to kill Williams
on that day and in that county, and yet the assault may
not have been committed in pursuance of the design
and intent alleged. If the assault preceded the forma-
tion of the premeditated design, or if the assault was
not accompanied by the design or intent to slay, no of-
fence would be committed under this statute. The in-
dictment ought to allege specifically that the defendants
committed the assault, with intent to commit the felony
alleged, but at any rate it must clearly and certainly ap-

pear from the allegations of the indictment that such was the fact, in order to charge a crime under this statute. Bartlett v. State, 21 Tex. App. 500, 2 S. W. Rep. 829; State v. Child, 42 Kan. 611, 22 Pac. Rep. 721. The jury having by their verdict found defendants guilty of an offence not charged, we think the court was in error when it refused to arrest the judgment.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.