## Ed Selph v. The State.

### No. 3279. Decided November 22, 1905.

**1.—Theft of Horse—Evidence—Identity.**

Where on trial for theft of a horse, the witness described defendant sufficiently to connect him. up with a description given by other witnesses there was sufficient testimony of identity to render the same admissible before the jury.

**2.—Same—Charge of Court—Explanation of Possession.**

Where on trial for theft of a horse, the testimony showed that defendant joined in the conversation of his codefendant in regard to the ownership of the property, and coincided with his statement and that the same were not true, there was no error because the court's charge failed to instruct the jury to acquit if defendant was not called upon to explain his possession.

**3.—Same—Charge of Court—Original Taking—Principals.**

Where on trial for theft of a horse, the evidence showed that the defendant was a guilty participant with another in taking the alleged stolen horse, and excludes every other theory than that they joined in such taking, and the court charged the jury that before they could convict they must find that these parties acting together as principals took the horse, and that defendant would not be guilty unless he was present and assisting in taking the horse, there was no error in the failure of the court to further charge to acquit defendant if he was not connected with the original taking.

**4.—Same—Intent to Appropriate—Charge of Court.**

Where on trial for theft of a horse, the testimony showed that defendant and another together took the alleged stolen horse at night from a pasture, and carried him away together several hundred miles, and defendant's codefendant offered the horse for sale, and defendant joined in the conversation with him as to the ownership and control of it, there was no error in the court failing to charge that if the jury believed that if defendant did not intend to appropriate the horse to acquit.

Appeal from the District Court of Fisher. Tried below before Hon. H. R. Jones.

Appeal from a conviction of theft of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Woodruff & Hughes,* for appellant.—On question of recent possession: Monroe v. State, 2 Texas Crim. App., 350; Hannah v. State, 1 id., 578. On question of charge on explanation of defendant's possession: Moreno v. State, 24 Texas Crim. App., 401. On question on charge of original taking: Guinn v. State, 45 S. W. Rep., 694.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The State's case is that, on a certain night, the horse alleged to have been stolen was taken from the pasture by appellant and one Hall. On the following morning these parties started in a buggy, driving this horse and leading a dun horse, from that neighborhood, going rather southwest and across the country; and undertook to dispose of the horse in Brewster County. They took

the alleged stolen horse from Fisher County to Brewster County. On
the night in question, they left the residence of McCann, where they
were visiting, and where Bennett, the alleged owner was residing, for
the purpose of returning to the place where they were stopping in the
same neighborhood. That in going from McCann's to their place of
residence, appellant and Hall entered the pasture and secured Ben-
nett's horse, and the next day took him out of the country. The next
morning, after they started from Fisher County, they were seen by
parties driving Bennett's horse to the buggy, and leading the dun
horse, which belonged to Hall. Some of the witnesses describe ap-
pellant sufficiently to connect him up with the description given by
other witnesses. Objection was urged to this testimony upon the theory
that it did not sufficiently describe or identify defendant and Hall as
being the parties in possession of the alleged stolen horse. We think
these objections are without merit. They were sufficiently connected
to show that the parties were defendant and Bert Hall. It is not
necessary to go into a detailed discussion of those questions. This was
a case of circumstantial evidence; and this testimony was sufficiently
connected to make it admissible.

The court's charge is criticised because it failed to instruct the jury
that appellant was not called upon to explain his possession of said
horse, if they should find that he had such possession, and therefore
he would not be guilty. We do not believe that such charge was
called for under the facts. The testimony shows that he did join in
the conversation with Bert Hall, in regard to the ownership of the
property, and the statements made by Hall, and coincided with by
appellant in Brewster County, were not true. But in no event could
the mere fact that the party in possession of stolen property be entitled
to an acquittal, because he did not give an explanation of his posses-
sion. A failure to explain may be taken as evidence against him, or
a reasonable explanation in his favor, may be used as the basis for
an acquittal, unless such explanation is shown to be false.

The court's charge is also criticised because it failed to charge the
jury that, if they should find appellant was not connected with the
original taking, they should acquit. This question some times, in cases
of circumstantial evidence becomes a serious matter; but we do not
believe such is the case here. The facts show that if Bert Hall took
the horse, appellant was also a guilty participant in the taking, and
it excludes every other theory except that they took the horse at night
from the pasture. They left McCann's in the buggy at night, went
along by the pasture where the horse was, and from which it was taken
at night; and early the next morning they left the country with the
horse in their possession. On one occasion, at least, they gave a false
statement as to their possession. The omission of the charge, under
the facts stated, we do not believe of such importance as would require
a reversal, because it was not calculated to injure the rights of the
accused. The court did charge the jury that, before they could con-

vict, they must find that these parties acting together as principals took the horse, and that appellant would not be guilty unless he was present, and assisting Bert Hall in taking the horse. The charge on principals was correctly given under the statute. Under these circumstances we do not believe that the failure of the court to submit this particular question was of sufficient importance to require a reversal of the judgment.

The charge of the court is also criticised because it did not inform the jury that, if they believed from the evidence that defendant Selph did not intend to appropriate the horse alleged to have been stolen, to his use and benefit, that they should acquit. The reason urged for this contention is that the testimony goes to show that Bert Hall was exercising the ownership, and offered to trade or sell the horse; that there was no evidence tending to show that defendant ever claimed ownership of the horse. We have stated enough of the evidence to show there is no merit in this contention. If the horse was stolen by Bert Hall, the evidence shows that appellant assisted in the taking; that they carried the horse several hundred miles, and when offering to sell it, appellant joined in the conversation with Bert Hall as to the ownership and control of it, etc., stating facts which were not true.

We are of opinion that the court fully charged the law applicable to this case, and there was no material error committed upon the trial. Therefore the judgment is affirmed.

*Affirmed.*

Henderson, Judge, absent.