Harris v. The State of Florida—Syllabus.

CHARLES HARRIS, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

| 53 | 37 |
| 54 | 12 |
| f54 | 41 |
| 54 | 99 |

1.  A ruling of the trial court, denying a motion for a new trial on the ground that the verdict is against the law and the evidence, can only be reviewed in the appellate court when such motion and the exception to the ruling thereon is evidenced by a bill of exceptions, such motion has no place in the record proper.

2.  A verdict must be responsive to the charge, and consistent, and find everything that is necessary to enable the court to render judgment.

3.  Under an indictment for receiving stolen goods, knowing same to have been stolen, a verdict of "guilty of receiving stolen goods" is bad, as not responsive to the indictment.

4.  A motion in arrest of judgment lies only for matter appearing on the record. It is the proper remedy for a verdict which is upon its face so defective as a matter of record that judgment cannot legally be entered thereon; but when matter *dehors* the record has to be resorted to for the purpose of showing that a verdict is erroneous, it cannot be reached by motion in arrest of judgment. In the case of McDonald v. State, 46 Fla. 149, 35 South. Rep. 72, this distinction has been overlooked, and upon this question of practice, that case is overruled.

This case was decided by Division. B.

Writ of Error to the Criminal Court of Record for Duval County.

The facts in the case are stated in the opinion of the Court.

*Walter M. Davis,* for Plaintiff in Error;

*W. H. Ellis,* Attorney General, for the State.

PARKHILL, J.: The information, under which the plaintiff in error was prosecuted in the criminal court of record in and for the county of Duval, contained two counts. The first count charged the defendant with the larceny of one coat of the value of fifteen dollars and one pair of pants of the value of ten dollars, all of the value of twenty-five dollars. The second count charged that the defendant did have, receive, buy and aid in the concealment of one coat of the value of fifteen dollars, and one pair of pants of the value of ten dollars, all of the value of twenty-five dollars, before that feloniously stolen, taken and carried away, he, the said defendant, then and there well knowing that the said property had before that been stolen, taken and carried away. The defendant was tried and convicted on the 29th day of August, 1906, the jury rendering a verdict in words as follows: "We, the jury, find the defendant guilty of receiving stolen goods, so say we all." The defendant's motions in arrest of judgment and for a new trial were overruled by the court, he was sentenced to serve one year in the state prison at hard labor, and seeks relief from this judgment and sentence by writ of error.

The assignments of error are, that the court erred in overruling the motions in arrest of judgment and for a new trial.

There is no bill of exceptions in this case. The motion for a new trial appears in the record proper. Where such motion is found only in the record proper, we cannot con-

sider it.   McDonald v. State, 46 Fla. 149, 35 South. Rep. 72.

The motion in arrest of judgment charges that the verdict of the jury is vague, uncertain and legally insufficient, and that it does not convict the defendant of any crime known to the laws of Florida.

It is contended on the part of the State that the trial court did not err in overruling the motion in arrest of judgment, because such a motion is not the proper remedy for a wrong verdict.  In support of this contention, we are referred to the case of McDonald v. State, 46 Fla. 149, 35 South. Rep. 72, which cites Bacon v. State, 22 Fla. 51, and other cases decided by this court.  The statement of the 6th headnote in Bacon v. State, that "a motion in arrest of judgment is not a proper remedy for a wrong verdict" is unfortunate and misleading in the use of the word "wrong," when what was meant is, that such a motion does not lie because of the insufficiency of the evidence to support the verdict.  This is apparent from the facts stated in the opinion.  Where the phraseology of that headnote has been subsequently used in our decisions it must be understood that it has been used in that sense.  The insufficiency of the evidence to support the verdict cannot be made the ground of a motion in arrest of judgment.   This motion will not reach objections depending upon facts *dehors* the record.

A verdict may technically be said to be a "wrong verdict," as well when it is perfect in form but not supported by the evidence, as when it is on its face so imperfect in form or irresponsive to the issues as to be a nullity.  In the former case it cannot be assailed by motion in arrest of judgment, but in the latter case it can be.  In the case of McDonald v. State, 46 Fla. 149, 35 South. Rep. 72, this

court has evidently overlooked this distinction, and upon this question of practice that case is overruled wherein it seems to conflict with the present holding. The form of the verdict in that case was sufficient, and matters *dehors* the record had to be resorted to to make the erroneousness of it to appear. In short the true rule is that when a verdict is upon its face so defective as a matter of record that judgment cannot legally be entered thereon, then a motion in arrest of judgment is the proper way to assail it, but when matter *dehors* the record has to be resorted to to make its erroneousness to appear, it cannot be reached by motion in arrest of judgment. 1 Bishop's New Crim. Proc. Sec. 1285; Clark's Crim. Proc. Sec. 186; Smith v. State, 29 Fla. 408, 10 South. Rep. 894; Bacon v. State, *supra.*

A motion in arrest of judgment only lies for matter appearing on the record. It is the proper remedy for any defect or error in the proceedings apparent on the record, rendering the trial illegal, or a judgment unauthorized; such as a verdict which is not responsive to the charge, and does not find everything that is necessary to enable the court to render judgment. 1 Bishop's New Crim. Proc. Sec. 1285; Clark's Crim. Proc. Secs. 186, 485; Jordan v. State, 22 Fla. 528; Long v. State, 42 Fla. 612, 28 South. Rep. 855; Hogan v. State, 42 Fla. 562, 28 South. Rep. 763; O'Connell v. State, 55 Ga. 191.

The verdict of the jury in this case is not responsive to the charge and not consistent therewith, and does not find everything that is necessary to enable the court to render judgment. It is evident that the defendant was not convicted on the first count of the information. The jury attempted to find him guilty on the second count. The second count charged the defendant with the crime of

buying, receiving and aiding in the concealment of stolen property, knowing the same to have been stolen, as provided in Section 3304 of the General Statutes of 1906, which was Section 2451, Revised Statutes of 1892. An essential element of this crime is the knowledge, on the part of the party charged, that the property received was stolen. This essential element of knowledge was not included in the verdict rendered by the jury in this case.

The jury did not find the defendant guilty of having this knowledge that the goods received by him were stolen goods. The jury found the defendant guilty of receiving stolen goods. There is no such crime known to the laws of Florida. It is no offense to receive stolen goods, unless the person so receiving them knows them to have been stolen. The court could not legally punish the defendant for the offense found in the verdict. The verdict is a nullity. No legal judgment or sentence can be predicated upon it. 1 Bishop's New Crim. Proc. Sec. 1005; State v. Whitaker, 89 N. C. 472; O'Connell v. State, 55 Ga. 191; Dreyer v. State, 11 Tex. App. 631; State v. Burdon, 38 La. Ann. 357; Miller v. People, 25 Hun. 473; Hogan v. State, 42 Fla. 562, 28 South. Rep. 763. The court erred when it refused to arrest the judgment. Where the arrest of judgment is because the verdict is a nullity, or so defective that no judgment can be rendered upon it, a new trial will be ordered. Lovett v. State, 33 Fla. 389, 14 South. Rep. 837; 1 Bishop's New Crim. Proc. Sec. 1288.

The judgment is reversed and a new trial ordered.

TAYLOR and HOCKER, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.