GEORGE O'NEAL, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. Verdicts in criminal cases should be certain and import a definite meaning free from ambiguity; but any words that convey beyond a reasonable doubt the meaning and intention of the jury are sufficient, and all fair intendments should be made to sustain them. If the intention of the jury is clearly manifested in the language used mere inaccuracies of expression will not vitiate the verdict.

2. In a criminal case the verdict should be construed with reference to the indictment or information and the entire record, and if when so construed it is definite and clearly expresses the manifest intention of the jury and is otherwise legal, mere inaccuracies of expression will not render the verdict void.

3. Where an information in separate counts charges two distinct and separate, but similar and kindred felonies, such as grand larceny in one count and receiving stolen goods knowing them to have been stolen in the other count, there can be a verdict convicting the defendant on both counts. In such a case the court may legally impose separate sentences for each offense.

4. In a prosecution for receiving stolen goods knowing them to have been stolen a verdict finding the defendant guilty of "receiving stolen goods" is not responsive to the charge made against the defendant and is insufficient to support a judgment and sentence.

5. Where O. & C. are prosecuted under an information charging them with grand larceny in one count and with receiving stolen goods knowing them to have been stolen in another

count, a verdict that finds "the defendants guilty, O. grand larceny and receiving stolen goods, and A. receiving stolen goods," construed with reference to the information is a ·sufficient finding that O. is guilty of grand larceny, but is insufficient as a finding of guilty of receiving stolen goods knowing them to have been stolen as to O. or A.

This case was decided by Division A.

Writ of Error to the Criminal Court of Record for Duval County.

The facts in the case are stated in the opinion of the court.

*L. E. Wade,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the state.

WHITFIELD, J.—An information was duly presented in the criminal court of record for Duval county charging Obie Wilson, Alonzo Small, George O'Neal and Collins Austin with grand larceny in one count and with receiving stolen goods knowing them to have been stolen in the second count. George O'Neal and Collins Austin having pleaded not guilty, were tried and the jury rendered the following verdict: "We, the jury, find the defendants guilty, George O'Neal grand larceny and receiving stolen goods, and Collins Austin receiving stolen goods."

A motion in arrest of judgment on the grounds that (1) no legal judgment or sentence can be rendered upon the information, verdict and record; (2) the information does not legally charge defendants with the crime of grand larceny and receiving stolen goods knowing them to have been stolen. The motion was granted as to Collins Austin and denied as to George O'Neal, who was sentenced to the county jail for three months.

On writ of error George O'Neal assigns and argues as errors that legal judgment cannot be entered on the verdict, and that the verdict is vague, indefinite and uncertain.

Verdicts in criminal cases should be certain and import a definite meaning free from ambiguity; but any words that convey beyond a reasonable doubt the meaning and intention of the jury are sufficient; and all fair intendments should be made to sustain them. If the intention of the jury is clearly manifested in the language used mere inaccuracies of expression will not vitiate the verdict. Johnson v. State, 51 Fla. 44, 40 South. Rep. 678; Long v. State, 42 Fla. 612, 28 South. Rep. 855; Albritton v. State, 54 Fla. 6, 44 South. Rep. 745.

In a criminal case the verdict should be construed with reference to the indictment or information and the entire record, and if when so construed it is definite and clearly expresses the manifest intention of the jury and is otherwise legal, mere inaccuracies of expression will not render the verdict void. See Ewert v. State, 48 Fla. 36, 37 South. Rep. 334; Roberson v. State, 45 Fla. 94, 34 South. Rep. 294; Freeman v. State, 50 Fla. 38, 39 South. Rep. 785.

The information contains two separate counts. One charged all the defendants with grand larceny; the other charged all of them with receiving stolen goods knowing them to have been stolen. George O'Neal and Collins Austin were tried together. Their plea of not guilty was to the information as a whole, and consequently applied to both the counts. The verdict finds "the defendants guilty, George O'Neal grand larceny and receiving stolen goods, and Collins Austin receiving stolen goods." Construed with reference to the charge and the plea, the verdict clearly shows an attempt by the jury to find the defendant George O'Neal guilty on both counts of the information, *viz*: guilty of grand larceny

and also guilty of receiving stolen goods knowing them to have been stolen.

Where an information in separate counts charges two distinct and separate, but similar and kindred felonies, such as grand larceny in one count and receiving stolen goods knowing them to have been stolen in the other count, there can be a verdict convicting the defendant on both counts. In such a case the court may legally impose separate sentences for each offense. See Washington v. State, 51 Fla. 137, 40 South. Rep. 725.

It is argued that the verdict is indefinite and void, and as the court failed to have it made certain by amendment before the jury were discharged it is a nullity and no valid judgment can be entered thereon.

The verdict attempts to find the defendant George O'Neal guilty on both counts of the indictment and to find Collins Austin guilty on the count charging the offense of receiving goods knowing them to have been stolen. The finding as to "receiving stolen goods" is insufficient since it is not responsive to the charge and finds no offense under the laws of the state. As the verdict only found Collins Austin guilty of "receiving stolen goods" the judgment was properly arrested as to him. Harris v. State, 53 Fla. 37, 43 South. Rep. 311. The plain meaning of the verdict is to find George O'Neal guilty of grand larceny and of "receiving stolen· goods," and it should be given effect in so far as such finding is sufficient in law. The portion of the verdict finding George O'Neal guilty of "receiving stolen goods" is not sufficient to have legal effect because not responsive to the information. The portion of the verdict finding George O'Neal guilty of grand larceny is responsive to the first count of the information, is not dependent upon the void portions of the verdict, and is sufficiently definite to be given full legal effect. The insufficient portions of the verdict may be treated as surplus-

age. This being done the legal effect of the verdict is to find the defendant George O'Neal guilty of grand larceny, which finding is responsive to the offense charged in the first count of the information and is sufficient as against the objections urged.

The judgment is within the penalty prescribed by the statute for the offense of grand larceny. Construing the information, the verdict as legally interpreted, and the judgment and sentence with the entire record, it cannot be said that the verdict is a nullity or the judgment and sentence erroneous. The judgment is, therefore, affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.