DANIEL RENFROE, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed October 26, 1918.

1. A verdict must be responsive to the charge, and consistent, and find everything that is necessary to enable the Court to render judgment.

2. Under an indictment for "unlawfully, wilfully and maliciously killing one ewe sheep" a verdict of "guilty of killing one ewe sheep" is bad, as not responsive to the indictment. ment.

Writ of Eror to Circuit Court for Santa Rosa County; A. G. Campbell, Judge.

Judgment reversed.

*H. S. Laird*, for Plaintiff in Error;

*Van C. Swearingen*, Attorney General, and *Worth W. Trammell*, Assistant, for the State.

BROWNE, C. J.—Two indictments were found in Santa Rosa County against the plaintiff in error, Daniel Renfroe, for unlawfully, wilfully and maliciously killing one ewe sheep. In one indictment the ownership of the sheep was laid in George Allen, and in the other in Leslie Allen, Tom Allen, Leon Allen and Ray Allen. By agreement of counsel the two cases were merged into one trial and the following verdicts rendered: "Indictment No. 1 we the jury find the defendant guilty of killing one ewe sheep belonging to George Allen of the first indictment. J. H. Tomkins, foreman."

"Indictment No. 2. We, the jury, find the defendant not guilty of killing Leslie Allen, Tom Allen, Leon Allen, Ray Allen's ewe sheep, sign J. H. Tomkins, Foreman for No. 1, 2."

It is contended that the verdict which found the defendant guilty, described no offense known to the laws of Florida, and that it was not responsive to the indictment. Had the verdict found the defendant "guilty" or "guilty as charged in the indictment," it would have been sufficient. Instead of this the jury set out the offense of which they found the defendant guilty, to-wit, "killing one ewe sheep belonging to George Allen of the first indictment." This fails to state any offense known to the laws of Florida, and the verdict is a nullity. The defendant was charged with "wilfully and maliciously" killing a beast belonging to another person, and without the essential element of wilfulness and malice the killing constituted no offense. The jury merely found that the defendant killed a sheep belonging to another, which without other circumstances is not an offense known to our law.

The principle upon which this decision rests was enunciated and settled in the cases of Harris v. State, 53 Fla. 37, 43 South. Rep. 311, and O'Neal v. State, 54 Fla. 96, 44 South. Rep. 940.

In the Harris case the defendant was prosecuted under an information charging him with "receiving stolen goods knowing the same to have been stolen." The verdict was, "We, the jury, find the defendant guilty of receiving stolen goods, so say we all," and this court held that the verdict was not responsive to the charge and was not consistent therewith, and failed to find everything that is necessary to enable the court to render judgment, and further said: "The jury attempted to find him guilty

on the second count. The second count charged the defendant with the crime of buying, receiving and aiding in the concealment of stolen property, knowing the same to have been stolen, as provided in Section 3304 of the General Statutes of 1892. An essential element of this crime is the knowledge, on the part of the party charged, that the property received was stolen. This essential element of knowledge was not included in the verdict rendered by the jury in this case.

"The Jury did not find the defendant guilty of having this knowledge that the goods received by him were stolen goods. There is no such crime known to the laws of Florida. It is no offense to receive stolen goods, unless the person so receiving them knows them to have been stolen. The court could not legally punish the defendant for the offense found in the verdict. The verdict is a nullity. No legal judgment or sentence can be predicated upon it."

The mere killing of a sheep belonging to another is not an offense under the laws of this State, and that is all that the jury found the defendant guilty of.

The verdict being a nullity, the defendant's motion to set it aside should have been granted, and the refusal of the court to do so is reversible error.

It is not necessary to discuss the assignments based upon the admission of testimony in relation of the killing of the defendant's dog. This testimony was immaterial and irrelevant, and on another trial of this cause, should be excluded.

The judgment is reversed.

TAYLOR, WHITFIELD AND ELLIS, J. J., concur.

WEST, J., disqualified.