PERRY STEDMAN, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed October 15, 1920.

1. The effect of Chapter 6483, Acts of 1913, Laws of Florida, Section 3569, Florida Compiled Laws, 1914, is to make the act of unlawful desertion by a husband and father of his wife and child or children, or by a husband of his wife or by a father of his child or children a crime. The same is true with respect to withholding from them or any one or more of them the means of support. If he unlawfully withholds from them or any one or more of them the means of support his act is a crime. The unlawful desertion by him of any one or more of them, or the unlawful withholding by him of the means of support from any one or more of them, renders him amenable to the penalties 'prescribed by the statute, the only difference being that as to the wife his liability under the statute is contingent upon the non-existence of such cause or causes for his act or acts as may be 'recognized as ground or grounds for divorce.

2.  While either the unlawful desertion or the unlawful with-
    holding the means of support by a husband from his wife
    may be a distinct act from the desertion or withholding of
    the means of support by a father from his child or children,
    and each or either of such acts may be indictable and pun-
    ishable as separate offenses under the statute, yet when such
    desertion or withholding of means of support from the wife
    and child or children is by the same person at the same
    time, such conduct may, under the statute, be regarded as
    constituting one offense. Where this is the case there can
    be no valid objection to an indictment charging the commis-
    sion of such offense in a single count only and a verdict on
    such indictment finding defendant guilty as to less than the
    whole number named in the indictment will not operate as
    an acquittal generally of the defendant.

3.  When a statute makes either of two or more distinct acts,
    connected with the same general offense, and subject to the
    same punishment, indictable as distinct crimes, they may,
    when committed by the same person at the same time, be
    coupled in one count and constitute but one offense.

4.  It is settled by the great weight of authority that where an
    information or indictment is complained of on the ground
    of duplicity the defendant must make the assault thereon by
    demurrer or by motion to quash before verdict rendered, and
    that he can not assail it for duplicity by a motion in arrest
    of judgment. If he delays until after verdict rendered to
    raise the issue of duplicity in the indictment he will be held
    to have waived such issue.

5.  At common law abandonment by or neglect of a husband to
    support his wife was not a criminal offense. Statutes, there-
    fore, making such acts indictable and punishable as a crime
    must be strictly construed.

6.  Withholding the means of support means something more
    than failure to support or non-support. It presupposes the
    existence or the ability to obtain the means of support by
    the accused and need by the alleged dependent or dependents
    from whom support is withheld. That which has no exist-

ence, actual or potential, cannot be withheld; neither can that be withheld which is already possessed.

7. Statutes such as that under consideration are not substitutes for statutes affording civil remedies in such cases.

8. A verdict must be responsive to the charge and find everything that is necessary to enable the court to render judgment.

9. Under an indictment for "withholding the means of support" from wife and child by a husband and father, a verdict of "guilty of non-support of the child" is insufficient as not responsive to the indictment.

A writ of error to the Circuit Court for Alachua County; James T. Wills, Judge.

Judgment reversed.

W. S. Broome, for Plaintiff in Error;

Van C. Swearingen, Attorney General, and D. Stuart Gillis, Assistant, for the State.

West, J.—Plaintiff in error, referred to herein as defendant, was charged in an indictment with unlawfully deserting his wife, Mandy Stedman, and unlawfully withholding from his said wife and his minor child, Lillie Mae Stedman, the means of support, there not then and there existing such cause or causes as are recognized as ground or grounds for divorce.

The indictment is in two counts. The desertion of the wife is charged in the first count, and the withholding of means of support from both the wife and child is charged in the second count.

Upon a trial of the case the following verdict was re-turned: "We, the jury, find the defendant guilty of non-support of the child. So say we all. F. M. Wilson, Fore-man."

There was a motion for "a verdict finding the defendant not guilty notwithstanding the verdict of the jury finding the defendant guilty," a motion in arrest of judgment and a motion for a new trial, all of which were denied.

Sentence was imposed and from this judgment defend-ant took writ of error.

By the several motions enumerated it is. urged that the effect of the verdict was to acquit the defendant of the offense charged in the first count of the indictment, name-ly, the desertion of the wife. This, of course, is true. But it is further contended that conviction of the defendant under the second count as to the child only and the ac-quittal as to the wife operate as an acquittal of the defendant generally under this count, his theory being that inasmuch as he is charged with withholding the means of support from his wife and child there must be a conviction as to both or an acquittal as to both, and that an acquittal as to one amounts in law as to an ac-quittal generally.

The statute upon which the prosecution is based is Chapter 6483, Acts of 1913, Laws of Florida, Florida Com-piled Laws Sec. 3569. The portion of this statute perti-nent here is as follows: "Any man who shall in this State desert his wife and children, or either of them, or his wife where there are no children or child, or who shall withhold from them or either of them, the means of sup-port. Or any mother, when required by law to care for and support her child or children, who shall desert such

child or children, or who shall withhold from them, the means of support, shall be deemed guilty of a felony, and upon conviction thereof, shall be punished by imprisonment * * * Provided, however, that no husband shall be prosecuted under this Section for the desertion of his wife, or for withholding from his wife the means of support, where there is existing, at the time of desertion, such cause or causes as are recognized as ground or grounds for divorce, by Statute, in this State."

The statute further provides that one who shall be charged with its violation may, either before or after conviction, be released from custody or further punishment upon the entering by such person into a good and sufficient bond conditioned that he or she, as the case may be, will provide the wife and child or children, or the wife when there is no child, or the child or children, with necessary and proper home, food, clothing and care, or will pay to some proper person or institution for the use of such dependent or dependents such sum, at stated periods, as the court may deem just for her, its or their proper maintenance and support.

The effect of this statute, in so far as is applicable to the facts of this case, is to make the act of unlawful desertion by a husband and father of his wife and child or children, or by a husband of his wife, or by a father of his child or children, a crime. The same is true with respect to withholding from them, or any one or more of them, the means of support. If he unlawfully withholds from them, or any one or more of them, the means of support, his act is a crime. The unlawful desertion by him of any one or more of them, or the unlawful withholding by him of the means of support from any one or more of them, renders him amenable to the penalties pre-

scribed by the statute, the only difference being that as to the wife his liability under the statute is contingent upon the non-existence of such cause or causes for his act or acts as may be recognized as ground or grounds for divorce.

So understood, while either the unlawful desertion or the unlawful withholding the means of support by a husband from his wife may be a distinct act from the desertion or withholding of the means of support by a father from his child or children, and each or either of such acts may be indictable and punishable as separate offenses under the statute, yet when such desertion or withholding of means of support from the wife and child or children is by the same person at the same time, such conduct may, under the statute, be regarded as constituting one offense. Where this is the case there can be no valid objection to an indictment charging the commission of such offense in a single count only and a verdict on such indictment finding defendant guilty as to less than the whole number named in the indictment will not operate as an acquittal generally of the defendant. 14 R. C. L. 194; Bradley v. State, 20 Fla. 738; Irvin v. State, 52 Fla. 51, 41 South. Rep. 785; State v. Sutcliffe, 18 R. I. 53, 25 Atl. Rep. 654; Goddard v. State, 73 Neb. 739, 103 N. W. Rep. 443; Schulze v. State (Tex.), 56 S. W. Rep. 918; State v. Sherman, 81 Kan. 874, 107 Pac. Rep. 33; State v. Schweiter, 27 Kan. 499; Laroe v. State, 30 Tex. App. Rep. 374; 17 S. W. Rep. 934; People v. Frank, 28 Cal. 507; Hayworth v. State, 14 Ind. 590. Sprouse v. Commonwealth, 81 Va. 374; People v. Johnson, 81 Mich. 573, 45 N. W. Rep. 1119; Kilrow v. Commonwealth, 89 Pa. St. Rep. 480.

Furthermore, if it should be held that the count in the indictment upon which defendant was convicted is sub-

ject to the objection made to it upon the ground of duplicity, it was the duty of defendant to raise the question before the trial of the case, failing in which it will be held to have been waived by him. In Irvin v. State, *supra,* where a similar question was presented and considered, this court said: "It is settled by the great weight of authority that where an information or indictment is complained of on the ground of duplicity the defendant must make the assault thereon by demurrer or by motion to quash before verdict rendered, and that he can not assail it for duplicity by a motion in arrest of judgment. If he delays until after verdict rendered to raise the issue of duplicity in the indictment he will be held to have waived such issue."

The verdict of the jury is defective in that it is not responsive to the charge against defendant, and for that reason the judgment must be reversed. Harris v. State, 53 Fla. 37, 43 South. Rep. 311; Renfroe v. State, 76 Fla. 392, 80 South. Rep. 183. At common law abandonment by or neglect of a husband to support his wife was not a criminal offense. 21 Cyc. 1611. The statutes therefore making such acts indictable and punishable as a crime must be strictly construed. "Withholding" the means of support means something more than failure to support or "non-support." It presupposes the existence or the ability to obtain the "means of support" by the accused and need by the alleged dependent or dependents from whom support is withheld. That which has no existence, actual or potential, cannot be withheld; neither can that be withheld which is already possessed. The object generally of such statutes is to prevent the alleged dependents from becoming public charges. Statutes of this kind are not substitutes for statutes affording civil remedies in such cases. 21 Cyc. 1611; People *ex rel.* Demos v. De-

mos, 100 N. Y. Sup. 968, 115 App. Div. 410; People ex
rel. Feeney v. Dershem, 79 N. Y. Sup. 612, 78 App. Div.
626; People v. Turner, 29 Cal. App. 193, 156 Pac. Rep.
381; State v. Thornton, 232 Mo. 298, 134 S. W. Rep. 519;
Dalton v. State, 118 Ga. 196, 44 S. E. Rep. 977; Richie v.
Commonwealth, 23 Ky. Law Rep. 1237, 64 S. W. Rep. 979.

We, of course, are not dealing with the question of the
moral obligations of a husband and father, but only with
the design and effect of the statute under which the prose-
cution in this case is brought.

For the defect in the verdict the judgment is reversed.

BROWNE, C.J., AND TAYLOR, WHITFIELD AND ELLIS, J. J.,.
concur. ·