JOE LICATA, *Plaintiff in Error, v.* THE STATE OF FLORIDA, *Defendant in Error.*

## Opinion Filed May 3, 1921.

1. In a prosecution for crime a plea of not guilty puts in issue every material element of the crime charged in the information.

2. A general verdict of guilty as charged is a finding that every essential element of the crime charged has been proved.

3. If a verdict is in the nature of a special finding it must either in itself or by reference to the information or indictment contain a finding of every essential element of the crime charged.

4. A verdict in which an attempt is made to set out the elements of the crime of which an accused is convicted, but contains no finding upon an essential element of the offense, is not sufficient.

5. A verdict in a criminal case should be certain and import a definite meaning free from ambiguity, but any words that convey beyond a reasonable doubt the meaning and intention of the jury are sufficient and all fair intendments should be made to sustain it.

6. Upon a charge of receiving stolen property, knowing the same to have been stolen, the verdict returned was as follows: "We the jury find the defendant guilty of receiving stolen goods as charged in the information to the amount of one case of cigarettes valued at $80. So say we all." *Held*: That the words "as charged in the information" is an adverbial phrase qualifying the verb "receiving" which relates to and defines the character of the reception of the stolen goods and that the verdict read in the light of the information contains a finding on each of the material elements of the crime charged and is sufficient.

A Writ of Error to the Criminal Court of Record for Hillsborough County; W. S. Graham, Judge.

Affirmed.

*Dickenson & Dickenson* and *Macfarlane & Macfarlane,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

WEST, J.—Plaintiff in error was informed against in the Criminal Court of Record for the County of Hillsborough, on a charge of receiving stolen property, knowing the same to have been stolen.

Upon a trial the following verdict was returned:

"We the jury find the defendant guilty of receiving stolen goods as charged in the information to the amount of one case of cigarettes, valued at $80. So say we all."

Sentence was pronounced and from the judgment imposing sentence upon him plaintiff in error took writ of error from this court.

There are many alleged errors assigned, but it seems to be admitted that the principal question presented is whether the verdict is sufficient in form to support a judgment of conviction of the crime charged in the indictment. It is conceded that but for the language "as charged in the information" contained in the verdict it is fatally defective. Harris v. State, 53 Fla. 37, 43 South. Rep. 311; O'Neal v. State, 54 Fla. 96, 44 South. Rep. 940; Renfroe v. State, 76 Fla. 392, 80 South. Rep. 183; Stedman v. State, 80 Fla. 547, 86 South. Rep. 428.

The plea of not guilty puts in issue every material element of the crime charged in the information, and before a jury is warranted in returning a general verdict of guilty against an accused every material element of the crime charged must be proved to their satisfaction beyond all reasonable doubt. Proof that does not measure up to this standard is insufficient as a basis for a judgment of conviction. A general verdict of guilty is a finding that every essential ingredient of the crime charged has been proved. If a verdict is in the nature of a special finding, it must either in itself or by reference to the information or indictment contain a finding of every essential element of the crime charged; otherwise it will not support a judgment. 16 C. J. 1108; 2 Bishop's Crim. Proc., Sec. 1005.

In the case under consideration the verdict finds plaintiff in error guilty of "receiving stolen goods as charged in the information." This court has said there is no such crime known to the law of this State as "receiving stolen goods." Harris v. State, 53 Fla. 37, text 40, 43 South. Rep. 311. An essential element of the crime denounced by the statute (Sec. 5138, Rev. Gen. Stats. of Fla. 1920) is "knowing the same to have been stolen." Knowledge of the theft by the accused at the time of his reception of the stolen goods must be alleged and proved before a conviction upon such a charge can be upheld. Franklin v. State, 66 Fla. 213, 63 South. Rep. 418; Minor v. State, 55 Fla. 90, 45 South. Rep. 818. And a verdict in which an attempt is made to set out the elements of the crime of which an accused is convicted which contains no finding upon an essential element of the offense is not sufficient.

There is conflict of authority upon the point, some

courts holding to the contrary (People v. Lee, 237 Ill. 272, 86 N. E. Rep. 573; Kimball v. Territory, 13 Ariz. 310, 115 Pac. Rep. 70), but we think the sounder view is that which holds similar verdicts sufficient. Coleman v. State, — Okla. —, 194 Pac. Rep. 282; State v. Jenkins, 60 Wis. 599, 19 N. W. Rep. 406.

In many cases this court has held that while verdicts in criminal cases should be certain and import a definite meaning, free from ambiguity, any words that convey beyond reasonable doubt the meaning and intention of the jury are sufficient, and all fair intendments should be made to sustain them. Higginbotham v. State, 42 Fla. 573, 29 South. Rep. 410; Long v. State, 42 Fla. 612, 28 South. Rep. 855; Johnson v. State, 51 Fla. 44, 40 South. Rep. 678.

In Menefee v. State, 69 Fla. 316, 51 South. Rep. 555, the defendant was indicted upon a charge of *grand larceny*. The verdict was guilty. It was held *that the verdict should be read in the light of the indictment* and it was upheld, although there was no specific finding of the value of the goods alleged to have been stolen.

The sufficiency of the verdict under consideration depends upon the meaning of the words "as charged in the information." To reject them as surplusage admittedly destroys the verdict. The jury must have had some purpose in employing this language. Rightly construed, we think it is an adverbial phrase qualifying the verb "receiving." It finds the character of the act of reception of the stolen goods by plaintiff in error to be as charged in the information. How is he charged in the information with receiving them? Knowing them to be stolen. If he received them as charged in the indictment he received them knowing them to have been

stolen, because that was the character of the reception charged. Construing the verdict and information together as we may because of the express reference in the verdict to the information and holding as seems to have been the intention of the jury that the qualifying phrase "as charged in the information" relates to the reception of the goods and defines the character of the act, the verdict may be said to contain a finding on each of the material elements of the crime charged. Thus construed it is sufficient.

Various rulings of the court during the progress of the trial are made the basis of assignments of error and are presented in the briefs of counsel, but no reversible error is made to appear, and no useful purpose would be served by a discussion of them.

The verdict is amply sustained by the evidence, and the judgment will be affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.