G. W. ELKINS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Division A.

Opinion Filed February 13, 1928.

*Pine, Cheatham & Kehoe,* for Plaintiff in Error.

*Fred H. Davis,* Attorney General, for the State.

BROWN, J.—Plaintiff in error was convicted of embezzlement and seeks to reverse the judgment on writ of error.

The motion in arrest of judgment was without merit, and there was no error in the court's order overruling it.

The motion for new trial is not presented to this Court, in the bill of exceptions, and may not be considered. This bill of exceptions and transcript were made up and the transcript filed before the Act of June 6, 1927, Chapter 12019, Laws of 1927, was adopted.

The information ran in the name of, and was signed and sworn to, by an assistant county solicitor, who was without lawful authority so to do. Segars v. State, decided during the June term, 1927; Sawyer v. State, 113 So. 136.

There is a fundamental error apparent on the record which requires a reversal. The information charged embezzlement. The verdict, as shown by the record proper, was: "We the jury find the defendant guilty of Grand Larceny. So say we all." The verdict was not responsive to nor consistent with the charge made by the information, and hence illegal and insufficient to support the judgment of conviction, which was for "embezzlement." Harris v. State, 53 Fla. 37; Renfore v. State, 76 Fla. 392; Stedman v. State, 80 Fla. 547, 86 So. 428. The verdict and judgment are part of the record proper, and should so appear from the transcript. Neither should appear in the bill of exceptions. Melbourne v. State, 50 Fla. 113. But if we could consider the verdict appearing in the bill of exceptions in this case, it is doubtful if it would entirely avail to cure the defect. It reads: "We the jury find the defendant guilty of grand embezzlement, so say we all." While this was in keeping with the instructions given the jury, the verdict was nevertheless irregular, and subject to objection, though probably not void. There is no such offense known to the law of this State as "grand embezzlement." It might have ministered to the simplification of the jury's preparation of their verdicts in embezzlement cases if the statute had divided the offense into two separate grades. But the statute (Section 5146, Revised General Statutes)

refers to only one offense, the offense of embezzlement, and provides that a person guilty thereof "shall be punished as if he had been convicted of larceny." So where the information charges the value of the money or property embezzled as exceeding fifty dollars, as here, in cases of conviction the jury should in their verdict, either find the defendant guilty as charged in the information or ascertain and fix the value of the property sufficiently to show whether it was fifty dollars or more, or whether it was less than said sum, in order that the court may impose the proper punishment. Thalheim v. State, 38 Fla. 169, 20 So. 938; Zeigler v. State, decided at the present term.

Nor does the evidence in this case contain any proper or satisfactory proof of venue.

Reversed.

ELLIS, C. J., AND STRUM, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion and judgment.