LOUIS FEKANY v. STATE

163 So. 221.
Opinion Filed September 27, 1935.

*J. H. Jones* and *J. J. Murray,* for Plaintiff in Error;
*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—The writ of error brings for review a judg-

ment of conviction of the offense of unlawfully withholding means of support from six minor children. The charge was in the following language:

"Being then and there lawfully married to one Olga Fékany, and having then and there six (6) children, the lawful issue of said marriage, to-wit: Anthony, age 9, George, age 11; Albert, age 13; Genivieve, age 15; Juliette, age 16; and Jimmie, age 18; did then and there unlawfully withhold from them and each of them the means of support."

That the defendant possessed, or was able to earn means of support for his children is hardly established by the evidence, though the evidence does establish that he could have contributed to the support of the children; and that it was his duty to so contribute can not be denied.

The record shows that the children lived in a house with their mother and that the house was her property. That she had other property which was rented; that she owned an automobile and provided the necessities of life for herself and the children.

The Court, in his charge to the jury, gave the following instruction:

"It is no defense to a father charged with deserting and withholding the means of support from his children that the children are being supplied with the means of support by the mother out of her own means or by her own exertions or labors, or by the children's own labors, but if the mother has money or property supplied by the father with which to supply the children with the means of support, then he would not be guilty."

Exception was duly noted to this instruction.

The instruction is in conflict with the law as enunciated

by this Court in the case of Stedman v. State, 80 Fla. 547 86 Sou. 428, in which it was said:

"At common law abandonment by or neglect of a husband to support his wife was not a criminal offense. 21 Cyc. 1611. The statutes therefore making such acts indictable and punishable as a crime must be strictly construed. 'Withholding' the means of support means something more than failure to support or 'non-support.' It presupposes the existence or the ability to obtain the 'means of support' by the accused and need by the alleged dependent or dependents from whom support is withheld. That which has no existence, actual or potential, cannot be withheld; neither can that be withheld which is already possessed."

The giving of this charge was error for which the judgment should be reversed.

It is so ordered.

Reversed.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.