ALBERT GRIFFITH V. THE STATE.

No. 21463. Delivered March 5, 1941.
Motion for Rehearing Overruled April 9, 1941.

The opinion states the case.

*James E. Faulkner*, of Henderson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of desertion of wife while in necessitous circumstances. The punishment assessed is confinement in the State penitentiary for a term of one year.

Appellant first complains of the court's action in overruling his motion to quash the indictment on the ground of duplicity. The indictment, omitting the formal parts, reads as follows:

"* * * that Albert Griffith on or about the 15th day of June, A. D., one thousand nine hundred and forty, and anterior to the presentment of this Indictment, in the County of RUSK and State of Texas, did then and there unlawfully and willfully desert, neglect and refuse to provide for the support and maintenance of Dotis Griffith, who was then and there his legal wife,

the said Dotis Griffith being then and there in necessitous circumstances, against the peace and dignity of the State."

Art. 602, P. C., (Vernon's Ann. Texas P. C., Vol. 1), under which appellant was prosecuted, reads as follows:

"Any husband who shall wilfully desert, neglect, or refuse to provide for the support and maintenance of his wife who may be in necessitous circumstances, or any parent who shall willfully desert, neglect or refuse to provide for the support and maintenance of his or her child or children under sixteen years of age, shall be confined in the penitentiary for not more than two years, or be confined in jail for not more than six months, or fined not less than Twenty-five ($25.00) Dollars nor more than Five Hundred ($500.00) Dollars, or be punished by both such fine and imprisonment in jail."

It seems to be the settled rule in this State that where several ways by which an offense may be committed are set forth in the statute, and they are embraced in the same general definition and are punishable in the same manner, and are not repugnant to each other, they are not distinct offenses, only different phases of the same offense and may be charged conjunctively in one count of the indictment. See Branch's Ann. Texas P. C., p. 262, sec. 508.

In our opinion, the acts denounced in the statute as an offense may be committed by a husband who willfully deserts his wife and neglects or refuses to support her, she being in necessitous circumstances; or he may commit the offense without deserting her by neglecting and refusing to support her, she being in necessitous circumstances. The gist of the offense seems to lie in the failure to support her when she is in necessitous circumstances, whether he deserts her or not. Therefore, it occurs to us that it is not two separate and distinct offenses but merely different ways of committing the offense. If we are correct in our construction of the statute, then any one or all of the means by which the offense might be committed may be charged in one count of the indictment.

In the case of Nicholas v. State, 23 Texas Cr. App. 317, this court said:

"Whether or not offenses are to be treated as distinct depends upon whether or not they are embraced within the same general definition, and punishable in the same manner. If they are, then

they are not distinct offenses, and may be charged in a single count in the same indictment."

The opinion in that case quotes from Bishop's Criminal Procedure, Section 436, as follows:

"It is common for a statute to declare that if a person does this, or this, or this, he shall be punished in a way pointed out. Now, if in a single transaction he does all the things, he violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing only one of the things. Therefore an indictment upon a statute of this kind may allege in a single count that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction 'and' where the statute has 'or,' and it will not be double; and it will be established at the trial by proof of any one of them."

In the case of Brooke v. State, 128 So. 814, decided by the Supreme Court of Florida, it will be observed that the accused contended that the indictment charged two distinct offenses: first, desertion of his wife; and second, withholding from her means of support. It was also contended in that case that the indictment charged two offenses in a single count. The same is true of the case of Stedman v. State, 80 Fla. 547, 86 So. 428, 430, where the charge was for desertion of the wife in one count and a withholding of means of support from the wife and child in another count. It was held in both cases that while either the unlawful desertion or the unlawful withholding of the means of support by a husband from his wife may be a distinct act and charged separately, yet where both are done by the same person at the same time and involve both the wife and child, such conduct under the statute may be regarded as constituting one offense and charged in one count; the only difference being that, as to the wife, his liability under the statute is contingent upon the non-existence of such cause or causes for his acts as may be recognized as a ground for divorce.

See also Holman v. State, 90 S. W. 174; Comer v. State, 26 Texas Cr. App. 509; Prendergast v. State, 57 S. W. 850; Stevens v. State, 159 S. W. 505; Outley v. State, 99 S. W. 95. We therefore overrule appellant's contention.

Appellant has some bills of exception complaining of the admission of evidence of certain letters purporting to have been written by the District Attorney to appellant advising him of the fact that the wife was in necessitous circumstances. There is no statement of facts accompanying the transcript, in the

486

absence of which we cannot properly appraise the bills. See 4 Tex. Jur. p. 234, sec. 167, and cases there cited.

Finding no reversible error in the record, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant insists that Bills of Exception Nos. 1 and 2 complaining of the introduction in evidence of the two letters which the district attorney had written to appellant manifest reversible error even in the absence of a statement of facts.

The trial court qualified the bills to show that when the letters were admitted in evidence, he instructed the jury that the letters could not be considered as any evidence as to the truth of the matters therein stated but could only be considered on the issue of appellant's knowledge of his wife's condition, if that condition had been shown to be true.

In the absence of the facts proven, we are still unable to say that the receipt of the letters in evidence should bring about a reversal. Every matter mentioned in the letters may have been proven to be true beyond question. The case of Peterson v. State, 70 S. W. 978, relied on by appellant, seems to be an aggravated case where the bills of exception, even in the absence of a statement of facts, showed proof of things with which the accused was entirely disconnected.

Believing the case to have been properly decided, the motion for rehearing is overruled.