ROBERTS, Justice.
This is an appeal from a verdict and judgment convicting appellant of the offense of assault with intent to commit murder. The appellant here attacks the sufficiency of the information, the sufficiency of the evidence, and the propriety of admitting in evidence a photograph of the patrol car that was at the scene of the crime.
. The information was sufficient under the rule of Hogan v. State, 42 Fla. 562, 28 So. 763, 764, here relied upon by appellant. It was said in that case that “The indictment ought to allege specifically that the defendants'committed the assault with intent to commit the felony alleged, but .at any rate it must clearly and certainly appear from the allegations of the indictment that such was the fact,- in order to charge a crime under this statute.” Here, the information charged that the appellant “did unlawfully commit' an assault upon J. L. Hamlin, a human being, with a premeditated design and intent to unlawfully kill the said J. L. Hamlin, by then and there unlawfully assaulting said J. L. Hamlin, with a deadly weapon,' to-wit: a rifle * * * ” • Clearly, the information is sufficient to meet the rule of Hogan v. State, supra.
The evidence showed that two-patrolmen — one of whom was Hamlin, the alleged victim of the assault — came to. the appellant’s home about 5:30 a. m. in -response to two calls from a neighbor,, made at the request of'the appellant’s wife.. Upon their arrival there, the appellant finally came out of the' house and denied that there was any trouble. When one of the patrolmen started to go inside the House to look for a woman said to be in danger, the appellant barred his way and ordered him off the premises, with curses and threats. The patrolmen then drove to - the neighbor’s home, two doors away; and while chatting with a group of people who had gathered there, they saw the appellant approaching *657 with a .22 rifle in his hands. The patrolman Hamlin went to the patrol car to radio for help. .While he was in the car, the ap.pellant fired a shot, aiming in his direction. A bullet hole was found in the post on the right-hand door of the car, the day after .the incident. After getting his message through, Patrolman Hamlin then ran to the neighbor’s house and the appellant fired two more shots, one of which struck the springs of a fold:away bed on the front porch of the house near Hamlin’s position. Shortly thereafter, other patrolmen arrived, and .the appellant surrendered. There was evidence that the appellant was an excellent shot and that several bullets remained in the gun. There was also some conflict in the testimony of other State’s witnesses as to the position of Hamlin at the time .the shots were fired. However, these conflicts were .resolved by the jury in the State’s favor; and there was sufficient evidence, if believed, to support a conclusion that the appellant fired two shots at Hamlin ■ — one while he was in the patrol car and - another while he was standing near the front porch. This was ample to prove the charge against appellant.
Nor do we find reversible error in the trial . judge’s admitting into evidence the photograph of the patrol . car. The photograph showed a mark in the upper right-hand post of the car, which Hamlin identified as a bullet hole, without objection by the appellant. Hamlin testified that he did not know at the time of the alleged assault that a bullet struck the patrol car and did not himself- discover the bullet hple. It was pointed out to him the day after the attack by the person who used the car during the day following the attack — apparently the patrolman on day duty. The photograph was admitted in evidence only “as a true representation of the patrol car on the day after this assault.” If this 'was error, it was certainly harmless error, in view of the-testimony of Hamlin, referred to above, which was not objected to by the appellant. .
No reversible error having been made to appear, -the judgment appealed from should be and it is hereby
Affirmed.
DREW, ■ C. J., -and THOMAS and O’CONNELL, JJ., concur.