BOYER, Chief Judge.
Appellant appeals conviction of the crime of withholding support from a minor. The facts are not in conflict. Appellant was required by a final judgment of divorce to pay to his former wife monthly support payments for his two minor children. When the oldest child became 18 years of age appellant ceased his support of that child but continued making payments for his remaining minor child until December 16, 1974, on which date a check was mailed and subsequently cashed. On February 6, 1975, an information was filed at the behest of appellant’s former wife, charging appellant with unlawfully and willfully withholding support from his minor child since December 16, 1974. At the trial, which was before the court without a jury, the child’s mother (appellant’s former wife) testified that she had received no support payments from appellant since December 16, 1974. Appellant, testifying in his own behalf, produced his checkbook containing his check stubs which reflected a check in the amount of the monthly support payment payable to his former wife dated February 5, 1975 and another in the same amount on March 7, 1975. Appellant testified that the first check was placed in his former wife’s mailbox on the date that it was written and that the latter was mailed. He had not balanced his checkbook and could not testify as to whether or not the checks had cleared his account. There was no evidence as to the needs of the child nor was there evidence that he had been deprived of any necessities of life.
It is axiomatic in American jurisprudence that one charged of a crime is presumed innocent until proven guilty beyond and to the exclusion of a reasonable doubt and that the burden of proof rests upon the State. A conviction may not rest upon suspicions, speculation nor conjecture. Sub judice, the only evidence adduced in support of the charge was that the child’s mother did not receive the support pay *648 ments. There was no evidence that appellant willfully and intentionally withheld support. (See Steadman v. State, 1920, 80 Fla. 547, 86 So. 428). In fact, the only evidence in that regard was to the effect that payments were made by appellant though not received by the payee. In addition, to sustain a conviction of the crime of unlawfully and willfully withholding support from a minor child there must be a showing that the minor child was in need of support. (Steadman v. State, supra, and Broadnax v. State, Fla.1952, 57 So.2d 651). No such evidence was adduced.
Although not determinative, it is pertinent to note that the information charging appellant with a felony was filed when appellant was, by his former wife’s own testimony, less than sixty days in arrears.
The judgment and sentence here appealed are reversed with the directions that appellant be discharged.
It is so ordered.
SMITH, J. and SACK, MARTIN, Associate Judge, concur.