A. FINLAYSON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

| 46 | 81 |
| 47 | 123 |
| 46 | 81 |
| e55 | 141 |
| 46 | 81 |
| 58 | 136 |

1. It appearing that the whole charge is not before the appellate court, it will not consider specific instructions refused by the court below on the stated ground that they were covered by the general charge.

2. The propriety of remarks asserted in the overruled motion for a new trial to have been made in the court below will not be considered when evidenced only by the allegations in such motion.

3. A bailee who has lawful possession can not commit larceny; the possession, however, must have been originally obtained lawfully and without the intent to appropriate the property to his own use; one who obtains the possession by trick, device or fraud, with intent to appropriate the property to his own use, the owner intending to part with the possession only, commits larceny when he subsequently appropriates it.

4. The evidence sustains the verdict.

This case was decided by Division B.

Writ of error to the Circuit Court for Dade county.

The facts in the case are stated in the opinion of the court.

*George A. Worley* (with whom was *R. H. Seymour* on the brief) for plaintiff in error.

*J. B. Whitfield*, Attorney-General, for the State.

COCKRELL, J.—The plaintiff in error was convicted of the crime of larceny, and to review the sentence passed thereon has prosecuted this writ of error.

The first three assignments of error go to the refusal of the court to give certain specific instructions. The bill of exceptions shows that these were refused because they were sufficiently given in the general charge, and as it affirmatively appears that only a portion of this general charge is before us, we can not say they were not so given. *Younglove v. Knox,* 44 Fla. 743, 33 South. Rep. 427.

The fourth, fifth and eighth assignments seek to present for consideration the propriety of remarks alleged to have been made by the court in the presence of the jury, but the

bill of exceptions does not show that such remarks were made. The assertion thereof in the motion for a new trial is insufficient. *McCune v. State,* 42 Fla. 192, 27 South. Rep. 867.

The seventh assignment challenges the correctness of the following charges given by the court: "A bailee who has lawful possession can not commit larceny; the possession, however, must have been originally obtained lawfully and without the intent to appropriate the property to his own use; one who obtains the possession by trick, device or fraud with intent to appropriate the property to his own use, the owner intending to part with the possession only, commits larceny when he subsequently appropriates it." There was evidence tending to show that the accused fraudulently induced two negroes to deposit their money with him for safe keeping over night, intending from the beginning to appropriate it to his own use. It can not be said, therefore, that the owners "consented" to part with the possession of their money; there was no *conventio mentium,* the one party intending only to part with the bare possession, the other intending to acquire the property in the thing itself; the consent was not as broad as the taking. The fraud vitiated whatever right might otherwise have been acquired by virtue of the apparent voluntary parting with the possession by those rightfully entitled thereto. Such act was at the common law larceny, and no statute was needed to make it a crime; nor does it come within our embezzlement act. The prime object of this statute is to make criminal certain acts that do not come within the common law definition of larceny, not those acts that were theretofore punishable as such. Taking this view of the object of the statute, we will not hold an act theretofore larcenous to be embraced within its provisions, in the absence of clear words to that effect. Such is not the case before us. The authorities sustaining the charge are abundant. Clark's Crim. Law, p. 250 and cases cited; Bish. Stat. Crimes, sec. 419; 1 Whart.

Crim. Law, sec. 1009; *Johnson v. People,* 113 Ill. 99; *State v. Woodruff,* 47 Kan. 151, 27 Pac. Rep. 842, S. C. 27 Am. State Rep. 285; *Levy v. State,* 79 Ala. 259; *State v. Williams,* 35 Mo. 229; *People v. Smith,* 23 Cal. 280.

There remains only the sixth assignment, based upon the overruling of the motion for a new trial. We have considered all the grounds in this motion, as it is copied in the bill of exceptions, other than the one numbered 8th, and those questioning the sufficiency of the evidence. We do not consider this 8th ground for the same reason as that given above in the discussion of the fourth, fifth and eighth assignments.

The evidence was sufficient to sustain the verdict, and the judgment is affirmed.

CARTER, P. J., and MAXWELL, J., concur.

TAYLOR, C. J., and HOCKER and SHACKLEFORD, JJ., concur in this opinion.