Samuel H. Fullerton et al. *v.* William D. McBride
et al.

[43 South., 684.]

Mortgages. *Foreclosure of second. Rights under partly void first.*

> Where the description of a part of the property sought to be conveyed by a first deed of trust was void and a second deed of trust on the same property accurately described the whole of it, but recited that a "part of the above property" was subject to the prior deed; and there was a foreclosure of the second deed and a purchase of all the property by the beneficiary therein, the beneficiary in the first deed, by appropriate proceedings can:—

> (*a*) Compel the purchaser to account for the value of the property accurately described in the first deed; and

> (*b*) Recover a personal decree against his debtor, the grantor in the first deed, for the sum due him after giving credit for the value of the property for which he has held the purchaser under the second deed.

From the chancery court of Landerdale county.
From the chancery court of Lauderdale county.
Hon. James L. McCaskill, Chancellor.
Fullerton and others, appellants, were complainants in the

court below; McBride and others, appellees, were defendants there. From a decree favorable to defendants the complainants appealed to the supreme court.

Appellees McBride executed a deed of trust on sawmill machinery and livestock, and the timber on described land in Lauderdale county, to secure an indebtedness due the Chicago Lumber & Coal Company, of which Fullerton was president. They afterwards executed a second deed of trust on sawmill machinery, livestock, and timber on the same tract of land to secure an indebtedness due the Southern Bank. The first deed of trust did not accurately describe the personal property, but the second deed of trust did describe it accurately, and, after conveying the timber, recited that "part of the above property is subject to a prior deed of trust to Chicago Coal & Lumber Company." Default having been made in the payment of the indebtedness due the Southern Bank, the trustees sold the property conveyed in the second trust deed, and at the sale the Southern Bank became the purchaser. Fullerton and others, owners of the first deed of trust and the debt secured by it, then brought suit in the chancery court against the McBrides and the Southern Bank for the balance due on his indebtedness and secured by the first trust deed.

*Brahan & McCants,* for appellants.

*Witherspoon & Witherspoon,* for appellees.

MAYES, J., delivered the opinion of the court.

The deed of trust in question, executed to secure the $3,000 borrowed from the Chicago Coal & Lumber Company, is void for insufficiency in description in so far as the personalty is concerned, but good as to the timber on the land described in the deed. Therefore the court erred in not making the Southern Bank account for the value of this timber, and rendering a decree in favor of complainant for the value of same when as-

certained, as against the bank. It also follows that the judgment against appellees McBrides, should be for only such sum as may be due after crediting the debt due the complainants with the value of this timber.

*For these reasons, the cause is reversed and remanded.*