LILLY NEAL, *Plaintiff in Error*, v. THE STATE OF FLOR-IDA, *Defendant in Error.*

Evidence that a laundress, upon discovering in a clothes' basket committed to her, a bag of money belonging to her employer accidentally placed therein, recognized her duty to return the bag to its owner, but subsequently and before so returning it fraudulently converted the money, will support a conviction of embezzlement under General Statutes, 3311, condemning the act by a servant as to anything of value which has come into his possession, care, custody or control by reason of his employment. (Taylor and Parkhill, J.J., dissenting.)

This case was decided by Division A.

Writ of Error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*R. B. Bullock,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the state.

COCKRELL, J.—Upon application of the plaintiff in error, it being made satisfactorily to appear, that the omission of the motion for new trial from the bill of exceptions was due wholly to an accidental and mechanical misplacing of the pages of the transcript, a correction has been allowed and a rehearing granted.

There was evidence from which the jury was permitted to find the following facts: Mrs. Henderson, the wife of the prosecuting witness, by accident, put into the basket containing soiled clothes, a cloth bag containing over two thousand dollars in paper money, which was delivered to her laundress, Lilly Neal. Upon open-

ing the bundle at her home Lilly discovered the money and at once exclaimed to one who was present, "Look here, Frank, what Mrs. Henderson put in the clothes, I will take it back to her now;" but was afterwards persuaded or coerced by Frank not to do so.   She subsequently denied having received the money.   The single question presented is whether statutory embezzlement has been made out, the contention being that the acts constitute larceny rather than embezzlement.

In Finlayson v. State, 46 Fla. 81, 35 South. Rep. 203, we held that one who obtains possession by trick, device or fraud with intent at the time to appropriate the property to his own use, the owner intending to part with the possession only, may be guilty of larceny, but in Wilson v. State, 47 Fla. 118, 36 South. Rep. 580, we refused to interfere with a conviction of embezzlement, there being sufficient in the evidence upon which to base a finding that the original taking was innocent and that the felonious intent was formed after the possession was innocently acquired.

In the case now before us, no trespass of any kind was committed by Lilly when she discovered her accidental custody of the money and her intent at once to restore that custody to the rightful owner was manifested and declared.   So far the case lies clearly on the side of embezzlement rather than of larceny, see Queen v. Ashwell, 6 Q. B. Div. 190, but does it yet measure up fully to the crime of which conviction was had?

In Tipton v. State, 53 Fla. 69, 43 South. Rep. 684, we said that one who is not lawfully the agent or servant of another and does not pretend or hold himself out to be such, and holds no relation of trust or confidence towards his alleged principal or master, is not within the statute.   Tipton was indicted on two counts, in the one for embezzling from R. A. Lamb, and in the other from the Express Company, and was convicted of the

latter. The evidence showed plainly that Lamb's prop-
erty was taken and that Lamb alone employed Tipton,
the Express Company being concerned neither with the
property converted nor with the employment of Tipton.

Lilly Neal acquired the custody of the cloth bag con-
taining the roll of money, only by virtue of her employ-
ment. We may admit that possession in its narrow,
technical sense was never rightfully hers, but that ad-
mission does not help. Our statute is much broader than
that of other states and includes whatever may have
come into an employe's possession, care, custody or con-
trol by reason of his employment. The statute is not
in terms restrictive to a conscious act on the part of the
owner or employer and there is here present the con-
scious act on the part of the employe voluntarily accept-
ing for a time the custodianship of the money recogniz-
ing her obligation to return it to its rightful owner,
for whom she was then holding it, a self-imposed but
accepted bailment, so to speak, imposed only by reason
of the fact that the holder was entrusted with employ-
ment by the owner and thereby had secured possession
of the larger receptacle that contained the soiled clothes,
as also the bag of money.

A search of the authorities has given us little or no
assistance, because of the more limited definition of
embezzlement usually obtaining. A close consideration
of our own statute, however, leads us to the conclusion
that the peculiar facts of this case come within its con-
demnation and that the verdict is not against the evidence.

The judgment is affirmed.

Shackleford, C. J., and Whitfield, J., concur;

Hocker, J., concurs in the opinion.

Taylor, J., (*dissenting.*)—After mature reflection

I am unable to agree to the conclusion reached in the opinion prepared in this case by Mr. Justice Cockrell that under our statute a case of embezzlement is made by the facts in proof. Those facts in brief are that the owner of quite a large sum of money exceeding a thousand dollars *unintentionally* and carelessly placed the receptacle that contained it in a basket of soiled clothing. This clothing, but not the money, was intentionally sent to the defendant to be laundered, the owner not dreaming that he was at the same time sending her his money. She discovered the mine of wealth of which she had so accidentally come in possession, and, listening to the voice of a tempter, appropriated it to her own use. There was no *intentional. entrusting* of the money by its owner to the defendant by reason of any confidence reposed in her in her capacity as his laundress, or in any other capacity—and in the course of her employment in such capacity there was nothing that called for, necessitated, or made it at all usual, proper or customary for him to entrust her with a cent of his money—and neither did the defendant accept, obtain the custody or control, or acquire the possession of, the money in any capacity of trust or confidence intentionally reposed in her. She did not, therefore, occupy at any time towards such money the attitude of a trustee that is necessary in embezzlement as distinguished from larceny. Suppose *arguendo,* the owner of this money after placing it in the soiled clothes basket purely through accident and without intending to do so, and really without knowing that he had done so, had then sent what he supposed and *intended* to be soiled clothes only by his hired man of all work to be delivered to the defendant his laundress, and such hired man on the way discovered the money and appropriated it to his own use, would it have been larceny or embezzlement? I think it would be larceny pure and simple. And if so in his case, then it is equally

so in the case of the laundress because in both cases there is with reference to such appropriated money, a total lack of that *feature* of *trust reposed* and *trust accepted* and *violated* that is necessary in embezzlement.

I cannot conceive of such a state of things as a *trust accidentally* and *unintentionally* reposed by one person in another. Trust and distrust are both *active* sentiments and cannot be exercised *passively, accidentally or unintentionally*. I think the facts in proof make a case only of larceny here and not embezzlement. Commonwealth v. Hays, 14 Gray (Mass.) 62, S. C. 74 Am. Dec. 662.

PARKHILL, J., (*dissenting.*)—I think all the authorities without exception hold that the gist of the offense of embezzlement is a breach of trust, and the provisions of the statute do not apply to appropriation of property by a person, unless he held a relation of confidence or trust towards the owner, and had possession of the property by virtue of such relation, and converted it in violation of the trust reposed in him. Tipton v. State, 53 Fla. 69, 43 South. Rep. 684.

In writing of the confidence of the defrauded person in the one embezzling, Mr. Bishop says: "The leading doctrine of this sub-title is that the statutes are for the protection of employers against the frauds of those in whom they have confided; and where no confidence is reposed, and none is violated, the offense is not committed." 1 Bishop's New Crim. Law (8th ed.) §352. Mr. Clark says: "The gist of the offense is a breach of trust, and it is held that the statutes do not apply to the appropriation of property by any person unless he held a relation of confidence or trust towards the owner, and had possession of the property by virtue of such relation, and converted it in violation of the trust reposed in him."

In 10 Am. & Eng. Ency. Law (2nd ed.) 990, it is said: "By some statutes it is required that the property shall have come into the possession of the servant 'by virtue of his employment.'" or "in the course of his employment." Under such a statute as this a person who receives money belonging to another and fraudulently converts the same to his own use, is not guilty of embezzlement unless he received the same by virtue of or in the course of his employment, as the statute expressly requires this.

I am of the opinion that the breach of trust or violation of confidence here contemplated must have been *intentionally* reposed by one party and voluntarily assumed by the other. See Commonwealth v. Hays, 14 Gray (Mass.) 62, S. C. 74 Am. Dec. 662. In the Hays' case the court held that where property delivered through mistake has been misappropriated or converted by the party receiving it, there is no breach of a trust or violation of a confidence intentionally reposed by one party and voluntarily assumed by the other.

Our statute provides that if any servant embezzles, or fraudulently disposes of, or converts to his own use, or takes or secretes with intent so to do anything of value *which has been entrusted to him* shall be punished as if he had been convicted of larceny. I do not think any one could entrust anything to another through mistake. To entrust is to commit with confidence, give in trust, confide, to place in charge, to commit something to as a trust.

The other clause of our statutes, "or has come into his possession, care, custody or control by reason of his employment," is equivalent to the preceding clause, "which has been entrusted to him." The words "by reason of his employment" must have reference to the property which came into his possession, care, custody or control and which was embezzled.

10

The soiled clothes were in the possession, care, custody or control of the defendant by reason of her employment as laundress. Her employment had reference to the washing of the soiled clothes. A misappropriation of the clothes would be embezzlement clearly. The defendant's employment had no reference to the money put into the basket by accident. The conversion of the money by the defendant was larceny.

In Hughes' Crim. Law & Proc. section 493, the author says: "In order to constitute the crime of embezzlement it is necessary that the property embezzled should come lawfully into the hands of the party embezzling, and by virtue of the position of trust he occupies to the person whose property he takes." In section 496, the same author says: "Before embezzlement can be maintained it must appear that the property was delivered to the accused in some fiduciary capacity—a relation of trust and confidence." The very property converted, then, must have been delivered to the accused in a fiduciary capacity to make him guilty of embezzlement. The property converted, the bag of money, was not delivered to the accused in a fiduciary capacity. It was not delivered to the accused at all. The soiled clothes were delivered to the accused, and the money was taken with the clothes by mistake. The owner of the money did not intend that the defendant should take the money, only the clothes.