W. B. JARVIS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed March 14, 1917.

1.  In larceny it is essential to a conviction that the property was taken *"animo furandi";* and where it clearly appears that the taking was perfectly consistent with honest conduct, although the party charged with the crime may have been mistaken, he cannot be convicted of larceny.

2.  A person who has lawful possession of property cannot commit larceny thereof; the possession, however, must have been originally obtained lawfully and without the intent to appropriate the property to his own use; one who obtains the possession by trick, device or fraud, with intent to appropriate the property to his own use, the owner intending to part with the possession only, commits larceny when he subsequently appropriates it.   The consent of the owner in surrendering the possession of property must be as broad as the taking...

3.  Proffered testimony is properly excluded which is clearly irrelevant and not pertinent to the issues.

4.  Requested instructions are properly refused when the matters of law included therein have been fully and correctly covered in the charge and instructions given by the court.

5.  Evidence examined and found sufficient to support the verdict.

Writ of Error to Circuit Court for Jackson County; Cephas L. Wilson, Judge.

· Judgment affirmed.

*W. E. B. Smith,* for Plaintiff in Error.

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

SHACKLEFORD, J.—W. B. Jarvis seeks relief here from a conviction of the crime of grand larceny and a sentence to confinement in the State prison for a term of two years. The sole error assigned is the overruling of the motion for a new trial, which is based upon six grounds and which we shall treat in the order in which they are argued.

The first two grounds, which are argued together, are that "the verdict is not supported by the evidence," and that "the verdict is contrary to law." The first count in the indictment charges the defendant with the larceny of a contract entered into by the defendant and M. L. Dekle, of the value of $1500.00, the property of M. L. Dekle, and the second count charges the defendant with the larceny of a chattel mortgage, executed by the defendant to M. L. Dekle, of the value of $500.00, the property of M. L. Dekle. The defendant entered a plea of not guilty. Very concisely stated, the evidence establishes that, in compliance with a request of the defendant, M. L. Dekle brought the contract and chattel mortgage with him to Greenwood for the purpose of meeting the defendant and having a full settlement of the amount due. Upon the meeting between the defendant and Dekle, after some conversation between them, the defendant re-

quested Dekle to hand him, the defendant, such two instruments in order that the defendant might write a note to Mr. Lewis Smith, the Cashier of the Bank of Greenwood, who was temporarily absent at Marianna, nine miles away, to get such Cashier to advance the money to the defendant with which to take up the mortgage and contract; that Dekle complied with the defendant's request and the defendant began to write, but after a few minutes stopped writing, crumpled the paper up which he was writing, dropped it on the floor folded up the contract and chattel mortgage and put the same in his pocket, stating to Dekle, "I believe I will keep these papers and you can mark them paid out of the money I paid you last year." Further conversation took place between Dekle and the defendant, but it would serve no useful purpose to set it out. Suffice it to say that the evidence establishes that the defendant retained such papers of which he had thus possessed himself and refused to return them to Dekle. The defendant contends that this did not constitute larceny and cites decisions of this court, as well as of other jurisdictions, which, he claims, support his contention. We have examined these authorities, but find ourselves unable to agree with the defendant. It is undoubtedly true, as we held in Bird v. State, 48 Fla. 3, 37 South. Rep. 525, that "In larceny it is essential to a conviction that the property was taken 'animo furandi;' and where it clearly appears that the taking was perfectly consistent with honest conduct, although the party charged with the crime may have been mistaken, he can not be convicted of larceny." It is also true, as this court held in Long v. State, 11 Fla. 295, "A taking by mistake or accident, where the animus furandi forms no part, is not felony." We also approve of the holdings by this court in the other decisions which

the defendant cites and upon which he relies: Charles v. State, 36 Fla. 691, 18 South. Rep. 369; Finlayson v. State, 46 Fla. 81, 35 South. Rep. 203; Lowe v. State, 44 Fla. 449, 32 South. Rep. 956, 103 Amer. St. Rep. 171; Minor v. State, 55 Fla. 77, 46 South. Rep. 297, but do not see wherein they help the defendant. In Finlayson v. State, *supra,* we held that "A bailee who has lawful possession can not commit larceny; the possession, however, must have been originally obtained lawfully and without the intent to appropriate the property to his own use; one who obtains the possession by trick, device or fraud, with intent to appropriate the property to his own use, the owner intending to part with the possession only, commits larceny when he subsequently appropriates it." We might well repeat here what we said in the opinion rendered in that case: "It cannot be said, therefore, that the owners 'consented' to part with the possession of their money; there was no *conventio mentium,* the one party intending only to part with the bare possession, the other intending to acquire the property in the thing itself; the consent was not as broad as the taking. . The fraud vitiated whatever right might otherwise have been acquired by virtue of the apparent voluntary parting with the possession by those rightfully entitled thereto. Such act was at the common law larceny, and no statute was needed to make it a crime; nor does it come within our embezzlement act." Also see Flowers v. State, 59 Fla. 16, 52 South. Rep. 11, which is well in point. We must hold that the contention of the defendant in support of the first two grounds of his motion for a new trial has not been sustained.

The third ground of the motion for a new trial is based upon the refusal of the trial court to permit the defendant to introduce the following proffered testimony

of himself: "That something like two years prior to the signing of this contract the defendant had agreed to buy what is known as the Roberts place from Mr. Dekle; the rental value of that place was $400.00 per year; that during the two years immediately before this paper was signed that Mr. Jarvis had paid on that place approximately three thousand dollars; that at the time this particular paper was signed Mr. Dekle had attached and brought suit against Mr. Jarvis under the original contract, and in order to get his property released from this contract, they agreed on a compromise settlement, agreeing to the terms mentioned in this particular contract. In this contract there were certain things Mr. Jarvis was to do and certain things Mr. Dekle was to do; Mr. Dekle's attorney, Mr. W. B. Farley, acting as his attorney in preparing this contract, advised the defendant that if either one of them failed to perform their part of the contract the contract would be void. And further, 'That while Mr. Dekle and Jarvis were in the drug store and at the time Mr. Jarvis was handed these particular papers in question by Mr. Dekle that Jarvis said to Dekle that the contract required him, Dekle, to do certain things, among which was to build him, Jarvis, a house; that he hadn't done that; that he, Jarvis, had been forced to live off the place about two miles, and that the proper deduction should be made therefor and that his attorney, Mr. Farley,—the same attorney who drew this particular contract,—had told him, Jarvis, that if either one failed to comply with the contract the contract would be void, and that Jarvis told Mr. Dekle he would just hold the papers until they could agree on some just settlement.' "

No error is made to appear in this ruling, as such proffered testimony was clearly irrelevant and not pertinent to the issues. It simply was an attempt on the

part of the defendant to justify his retaining in his possession the papers which had been handed to the defendant by the prosecuting witness for a specific purpose, which could not have availed him in the way of a defense to the crime for which he was being tried.

The fourth ground of the motion is as follows:

"4.   The Court erred in refusing to permit witness Dekle to answer following question on cross-examination, viz: 'Didn't Mr. Jarvis tell you at the time he put the papers in his pocket that Mr. Farley, who drew the papers for you, had told him that if either one of you failed to comply with your part of the contract that the same would be null and void?'"

There was no error in this ruling.   What possible light could have been thrown as to the guilt or innocence of the defendant by what he might have said to the prosecuting witness, at the time of the taking of the papers, as to any advice which might have been given to the defendant by Mr. Farley?

The fifth ground of the motion is as follows:

"5.   Court erred in refusing to permit witness, M. L. Dekle, in cross-examination to answer the following question, *viz*: 'And as a matter of fact you hadn't built the house which you in the contract agreed to build, had you?'"

No discussion of this ground seems to be called for, as what we have just said in treating the third and fourth grounds is sufficient to dispose of it adversely to the contention of the defendant.

The sixth and last ground of the motion is that "the court erred in refusing to give special charges numbered 2 and 3."   This ground is very lightly urged before us, the defendant contenting himself with stating in his brief: "Each of these charges go directly to the question as to whether or not the defendant possessed the felonious

42

intent at the time the papers were handed to him. It seems useless to argue these questions. The authority above cited is sufficient on this point."

Suffice it to say that we have examined the two requested instructions and no error is made to appear to us in their refusal. The matters embraced therein had been fully and correctly covered in the charges and instructions given by the court.

As we are of the opinion that the evidence adduced is amply sufficient to support the verdict rendered and as no errors of law or procedure have been made to appear to us, the judgment must be affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS JJ., concur.