ALEXANDER MURRAY, *Plaintiff in Error*, v. STATE OF FLOR-IDA, *Defendant in Error*.

## Division A.

## Opinion Filed April 4, 1927.

1. One who obtains possession of personal property by trick, device or fraud with intent to appropriate the property to his own use, the owner or custodian intending to part with possession only, is guilty of larceny when he subsequently appropriates it.

2. An agent or bailee who obtains lawful possession of the personal property of another and subsequently, with felonious intent, appropriates and converts the same to his own use, is guilty of embezzlement.

3. Held, that under the facts of this case it was a question for the jury to decide, whether the plaintiff in error formed the felonious intent to appropriate the property to his own use at or before the time he obtained possession of the same as the agnet or bailee of the owner or custodian, or subsequently to such time, and verdict finding plaintiff in error guilty of embezzlement therefore sustainable under the evidence.

A Writ of Error to the Criminal Court of Record for Hillsborough County; W. Raleigh Petteway, Judge.

Affirmed.

*W. K. Zewadski, Jr.*, and *William C. Pierce*, for Plaintiff in Error;

*J. B. Johnson*, Attorney General, and *H. E. Carter*, Assistant, for the State.

BROWN, J.—In this case the plaintiff in error and one Mose Pinkney were jointly informed against. The informa-

tion charged them in one count with embezzlement and in the other with larceny. There was a severance granted, and at the close of the State's evidence on the trial of plaintiff in error, he moved the court for an instructed verdict on both counts. The Court granted the motion as to the larceny count. The plaintiff in error was convicted and sentenced on the embezzlement count. The chief distinction between larceny and embezzlement lies in the character of the acquirement of possession of the property. See Sykes v. State, 78 Fla. 167, 82 So. 778. The evidence in this case might well have sustained a conviction for larceny, for there was ground for the inference that possession of the money was obtained by trick, device or fraud. Neither of the accused persons took the stand. The question of the intent which governed them when they acquired possession of the money had to be inferred from all the circumstances. If the Court and jury saw fit by inference from the evidence to give them credit for a lawful intent at the time they induced the aggrieved party to entrust them with the possession of her money as her agents for the purpose disclosed by the evidence, and found that the crime consisted of their unlawful appropriation of the money after so obtaining lawful possession, it hardly lies in the mouth of either to say that the verdict of embezzlement should be set aside upon the ground that the evidence showed that they intended to appropriate the money to their own use at the time they induced the injured party to turn it over to them and that the agency thus vested was induced by their own trick or fraud—hence that they were guilty, if guilty of anything, of larceny and not of embezzlement. This plaintiff in error introduced no evidence before the jury to assist them in determining when the criminal intent was formed, and he cannot complain because the jury, on the facts shown by the record, accorded to him a lawful intent

at the time he and his co-principal obtained the possession of the money. That they were both principals—acting together, aiding and abetting each other,—and that they were each assuredly guilty of either embezzlement or larceny, is made plain. We think under all the facts in the case the question of intent at the time the possession was obtained was one for the jury to determine, and that no sufficient ground is shown why this Court should set aside their finding thereon. Indeed, in the opinion of the writer, where a person, with secret fraudulent intent to afterwards fraudulently appropriate another's money or property, induces such other person to employ him in all good faith as his agent and entrust him with the possession of such owner's money or property, and thereafter such agent fraudulently appropriates such money or property to his own use, he is estopped to deny his agency, the appointment to which he had secured even though done with fraudulent intent, and that on such state of facts he can be convicted of either larceny or embezzlement. However, the decision of this point is not here necessary. In this connection, see 9 R. C. L. 1266, 20 C. J. 410, *et seq.*

We are satisfied that there was no miscarriage of justice in this case, and the judgment of the Court below is affirmed.

Affirmed.

ELLIS, C. J., AND STRUM, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.