HOWARD B. ZIEGLER, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion Filed February 1, 1928.

*J. Albert Ecke, Frank L. Butts,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, for Defendant in Error.

TERRELL, J.—Plaintiff in error was tried and convicted in the Criminal Court of Record for Dade County on an

information charging embezzlement, Sec. 5146, Rev. Gen. Stats. of Fla., 1920. Motion for new trial was denied and a sentence of three years in the State penitentiary was imposed. Writ of error was taken to the judgment.

Error is first predicated on the denial of a motion for continuance. From the showing in the record we do not think the defendant was given a reasonable time to prepare his defense. The information with bill of particulars was filed and the defendant forced to trial all the same day. The trial was held at the Elks' Club on account of the court house being under construction, and some material witnesses failed to appear by reason of misunderstanding as to place of trial. The defense also involved the examination of a large running account covering a period of one month or more. These and other reasons apparent on the record were sufficient to warrant the giving of more time than the defendant was allowed to prepare his defense. Lowe v. State, decided this term.

It is also contended that the trial court erred in his charge to the jury. This contention is predicated on that part of the charge which reads as follows: ''The information alleges that during the month of June there was a shortage of several thousand dollars, I don't remember, but in order to convict the defendant of grand embezzlement, as I stated a while ago, if you believe he is guilty beyond a reasonable doubt of embezzling anything before you could convict him of grand embezzlement you must fiind beyond a reasonable doubt that he took a sum of money and embezzled it fraudulently to his own use of more than $50 in one day. If you have a reasonable doubt as to whether or not he ever did take more than $50 then you will give him the benefit of that doubt and acquit him; I mean if you find him guilty and do not find him guilty of petty embezzlement.

"If you find him guilty of grand embezzlement the form of your verdict would be: 'We the jury find the defendant guilty of grand embezzlement, so say we all,' and sign it by one of your number as foreman.

"If you find him guilty of petty embezzlement your verdict would be: 'We the jury find the defendant guilty of petty embezzlement, so say we all,' and sign that by one of your number as foreman."

Retiring with this charge, the jury returned a verdict as follows: "We the jury find the defendant guilty." On the announcement of the verdict the court made the following statement to the jury: "You left out a word in your verdict. Please retire and put in the word 'guilty of grand embezzlement,' if that is what you mean by it. You just left out one word there at the starting of your verdict."

With this admonition the jury retired a second time and returned with the following verdict: "We the jury find the defendant guilty of grand embezzlement, so say we all."

Embezzlement as a crime is a creation of statute and is unknown to the common law. Our statute merely deals with the crime of embezzlement and knows nothing of the crime of "grand embezzlement" or "petty embezzlement." It does provide, however, that any person found guilty of embezzlement "shall be punished as if he had been convicted of larceny," but this would not have the effect of creating the offense as named in the charge and the verdict. The charge of the court nor the verdict were responsive to the information. The instruction of the court on this point should have been in substance to determine whether or not the defendant was guilty, and if guilty, the amount of money or value of property embezzled if different from the amount laid in the information. The charge as given being

unwarranted by the law or the facts affecting the subject matter, was erroneous and constituted reversible error. Thalheim v. State, 38 Fla. 169, 30 South. Rep. 938.

Error is also assigned on the admission in evidence of the cash journals of the Mammouth Plumbing Company, copies of cash sales tickets of the same company and the ledger sheets of the Bank of Bay Biscayne and the First National Bank of Miami.

The rule is well settled that books of account, book entries and other private writings are inadmissible as evidence on a charge of embezzlement unless they be shown to be in the handwriting of the one charged or if in the handwriting of others, that they were made under his direction or with his knowledge. Union Bank v. Call, 5 Fla. 409; Hooker v. Johnson, 6 Fla. 730; 16 C. J. 743. Material variance from this rule is cause for reversal.

The judgment below is reversed and a new trial awarded.

Reversed.

WHITFIELD, P. J., AND BUFORD, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.