W. L. McKinley, *Plaintiff in Error*, v. State of Florida,
*Defendant in Error.*
136 So. 380.
En Banc.
Opinion filed July 29, 1931.

*Thomas E. Walker*, for Plaintiff in Error;

*Cary D. Landis*, Atty. General, *Roy Campbell*, Assistant,
for Defendant in Error.

Davis, Commissioner:—Plaintiff in error, whom we will
hereafter refer to as defendant, was indicted for embezzle-
ment of the sum of $245.00, the property of one James
Daniel. The indictment charged that this sum of money
was delivered by the said James Daniel to the defendant
on November 11, 1928, the defendant being then and there
the agent of the said Daniel. The case came on for trial and
the jury found the defendant guilty of embezzlement of
more than $50.00. Motion for new trial was denied and de-
fendant sued out writ of error, and the three assignments

of error argued deal with the insufficiency of the testimony to support the verdict.

The evidence shows that in the year 1919, James Daniel, a colored man, owned a 230-acre farm and that he asked the defendant to help him secure a loan on it; that the defendant consented to help Daniel secure the loan and that they went together to an agent of a loan company; that papers were drawn up by which Daniel deeded his farm to the defendant, taking back what was called a "bond for deed," whereby upon the payment of ten annual payments evidenced by notes to the defendant, in the total sum of $2200.00 plus interest, Daniel would receive a deed back from the defendant to his farm; that simultaneously with this transaction, the defendant gave a mortgage to the loan company upon the farm which Daniel had deeded to him, in the principal sum of $2200.00, maturing in ten years, with certain interest payments maturing annually; that Daniel substantially lived up to his contract to make payments to the defendant, making all but the last payment, which he refused to do when he found he could not get a deed from the defendant; that the defendant made some payments of interest on the mortgage to the loan company, but no payments on the principal; that default being made in the payment of this mortgage, foreclosure proceedings were instituted.

It was shown in evidence that Daniel had heard of the defendant helping some people get money and that he asked the defendant if he could help him get some; that defendant told Daniel he could get him all he wanted and for him (Daniel) to make defendant a deed to his land; that defendant said to Daniel: "The company won't loan to colored people, but they will lend me and I will lend you," to which arrangement, Daniel agreed; that of the sum of $2200.00, Daniel received $2000.00 and the defendant $200.00. Daniel testified in effect that he told the defendant to apply the payments on the mortgage.

There was also testimony that the defendant stated that he signed the mortgage just as an accommodation to Daniel; "that it was really not his debt and not his mortgage and that he was not able to pay it; that he owed the amount of the mortgage and couldn't pay it."

If the defendant had been indicted for grand larceny and the jury had found him guilty, upon the state of facts which were developed at the trial of this case, and upon the theory that he obtained possession of the money by trick, device or fraud, with the intent to appropriate such property to his own use, we would not be disposed to disturb the verdict. Murray vs. State, 93 Fla. 706, 112 So. 575; 17 R. C. L. 13-15.

The burden was upon the State to prove beyond a reasonable doubt every element necessary to constitute the crime of embezzlement namely: (1) that the thing converted or appropriated was of such a character as to be within the protection of the statute; (2) that it belonged to the master or principal or someone other than accused; (3) that it was in the possession of accused at the time of the conversion so that no trespass was committed in taking it; (4) that accused occupied the designated fiduciary relation, and that the property came into his possession and was held by him by virtue of his employment or office; (5) that his dealing with the property constituted a conversion or appropriation of the same; and (6) that there was a fraudulent intent to deprive the owner of his property. Dunkle v. State, 98 Fla. 985, 124 So. 725.

We do not think the proof shows beyond a reasonable doubt that the defendant was the agent of Daniel and that he received the said sum of money by virtue of such agency. It seems more probable that he received the several sums paid to him by Daniel as creditor and not as agent.

The defendant's failure to apply all of the money paid over to him by Daniel on his defendant's note to the loan

company, all of which was admitted, is not sufficient as a basis for the conviction of the crime of embezzlement.

The defendant was adjudged by the court to be guilty of grand embezzlement. We said in Elkins v. State, 95 Fla. 188, 116 So. 243, and Ziegler v. State, 95 Fla. 108, 116 So. 241, that no such offense is known to the law of this State.

The judgment is reversed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered, and adjudged by the court that the judgment of the court below be, and the same is hereby, reversed.

BUFORD, C.J., AND WHITFIELD AND TERRELL AND BROWN, J.J., concur.

ELLIS, J., dissents.

DAVIS, J., disqualified.

ELLIS, J., dissenting:—Question involved: When A employs B to secure a loan of money from C the arrangement being that A delivers security to B who pledges it with C, B delivers this money to A taking out fee for services. B to return security to A when latter pays debt to C through B. Is this latter A's creditor?

Court answered in negative, holding B, A's agent.