MARTIN T. LYNCH v. STATE OF FLORIDA
4 So. (2nd) 709
Division A
Opinion Filed November 25, 1941

*Sheldon A. Lindsey* and *Thomas Hamilton,* for Appellant;

*J. Tom Watson,* Attorney General, *Sidney L. Segall,* Assistant Attorney General, and *Woodrow M. Melvin,* Special Assistant Attorney General, for Appellee.

BUFORD, J.—The appeal brings for review judgment of conviction of the appellant of the crime of embezzlement charged to have been committed by him as agent

and servant of one Ida C. Press. The information charges the violation of Section 5146 R.G.S., 7247 C.G.L.

There is no evidence in the record to show that appellant was ever the agent or servant of Ida C. Press or that the property alleged to have been embezzled, a diamond ring valued at between $500.00 and $600.00, came into his possession, care, custody or control by reason of his office or employment.

The record discloses that the property alleged to have been embezzled came into his possession, custody and control because the lady, a dame of some sixty-odd summers, entertained the romantic idea that she was in love with this golf-playing lounge-lizard of twenty-seven and, wishing to marry him, gave him the ring. "Barkis is willing." He shamelessly accepted the ring as her gift and, when he needed money, he as shamelessly pawned it for a fraction of its value. He did, however, take the pawn ticket in his own name and on it had noted his correct address at the one-bedroom apartment and abode of the donor. She, the former owner of the ring, swore as a witness in the case that she had given the ring to the accused; that it was his property when he pawned it, and that she had made a false charge against him because she was then angry with him.

The record justifies the conclusion that the prosecuting witness is a fool and that the accused is a knave, but such showing is not sufficient to warrant the judgment of conviction. The jury was probably influenced by a laudable desire to rid the community of a parasite and to separate the silly old lady from the unworthy object of her questionable affections.

We reach the conclusion that the evidence was not

sufficient to establish any unlawful taking or unlawful disposition of the property by the accused. In prosecutions for embezzlement under the statute, *supra*, it must be shown that the accused occupied the designated fiduciary relation and that the property had come into his possession and was held by him by virtue of his employment or office. See McKinley v. State, 102 Fla. 632, 136 Sou. 380. To the same effect is Tipton v. State, 63 Fla. 69, 43 Sou. 684.

For the reasons stated, the judgment should be and is reversed.

So ordered.

Reversed.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.