## S. AIKEN CAMPBELL v. STATE OF FLORIDA

20 So. (2nd) 127                                    June Term, 1944
December 19, 1944                                        Division B
Rehearing denied January 9, 1945

*W. D. Bell,* for appellant.

*J. Tom Watson,* Attorney General, *John C. Wynn,* Assistant Attorney General, and *Bourke Floyd,* Special Assistant Attorney General, for appellee.

BUFORD, C. J.:

The appellant was convicted under all counts of an information containing eight counts and was adjudged guilty under each count of such information. He was sentenced under the First Count which charged larceny of "a certain written and printed order for the payment of money" in the amount of $200.00 of the value of more than $50.00 of lawful money of the United States of America, which offense was alleged in the information to have been committed on the 15th day of December, 1942. He was also sentenced under the Second Count of information which charged that the accused did then and there designedly by false pretenses and with intent to defraud one H. M. Vanderver obtain from the said Vanderver a certain written or printed order for the payment of money in the amount of $800.00 which order was alleged to have been of the value of $800.00 of lawful money of the United States of America and to have been the property of the said H. M. Vanderver, and which count alleged: "that on said date and in said State and County the said defendant S. Aiken Campbell, alias A. Campbell, then and there being, then and there placed a written ad in a daily periodical published and circulated in the State of Florida, and elsewhere, called The Miami Herald, under date of December 9, 1942, which was in words and figures as follows:

" 'Interest Is Established Manufacturing Business. Earning over $1,200 month profit, is available to man of good character who can invest $1,000 cash and active services. Will stand rigid investigation. Apply Box L-198 Herald;' that the said H. M. Vanderver read and answered said ad in The Miami Herald, whereupon, in addition to the written advertisement, in order to deceive the said H. M. Vanderver and induce him to let the defendant S. Aiken Campbell, alias A. Campbell, have the said check in the amount of Eight Hundred Dollars ($800.00), then and there orally represented

and pretended to the said H. M. Vanderver, that he, the said defendant, S. A. Aiken Campbell, alias A. Campbell, had a large sum of money in escrow, to-wit: Thirteen Thousand Six Hundred Dollars ($13,600.00), for the purpose and as a part of payment for a going concern, to-wit: Polar Beverage Co., Inc., bottlers of carbonated beverages, and the said defendant, S. Aiken Campbell, alias A. Campbell, further represented, pretended and stated that he had an option to purchase the remaining one-third (1/3); and further, to induce the said H. M. Vanderver to let him have the said check in the amount of Eight Hundred Dollars ($800.00) the said defendant then and there further represented and pretended that the Polar Beverage Co., Inc., was a going concern engaged in the business of bottling carbonated beverages, and that the said concern was earning over Twelve Hundred Dollars ($1,200.00) each month profit, and that he needed a man of good character to invest Five Thousand Dollars ($5,000.00) to purchase one-fourth (1/4th) interest in the said Polar Beverage Co., Inc.; One Thousand Dollars ($1,000.00) cash the balance of Four Thousand Dollars ($4,000.00) to be paid out of the profits of the corporation; and, further represented and pretended that the said H. M. Vanderver would be given a position calling for full time for his services to carry on the business of the Polar Beverage Co,. Inc., and that he would be paid Fifty Dollars ($50.00) each and every week; that the defendant herein, S. Aiken Campbell, alias A. Campbell, further represented and pretended that he had good and lawful authority to sell and dispose of the one-fourth (1/4) interest, and more, of the said Polar Beverage Co., Inc., that the said H. M. Vanderver then and there believed said representations and pretenses to be true and relied upon the same, and by reason of said representations and pretenses did then and there execute and deliver to the said defendant herein, S. Aiken Campbell, alias A. Campbell, the said check in the amount of Eight Hundred Dollars ($800.00) and the said defendant, S. Aiken Campbell alias A. Campbell, received the same, presented the same for payment to the Coconut Grove Exchange Bank, and after duly endorsing the same as "A Campbell" the said bank cashed the said check and delivered

to the defendant Eight Hundred Dollars ($800.00) in cash, money of the United States of America; the said H. M. Vanderver at all times believing each and every representation that the defendant, S. Aiken Campbell, alias A. Campbell, made, to be true; in truth and fact the defendant A. Aiken Campbell, did not have any sums of money in escrow for the purpose of purchasing the Polar Beverage Co., Inc., and further, that the defendant, S. Aiken Campbell, alias A. Campbell did not have any definite binding agreement to purchase the Polar Beverage Co., Inc., or any part thereof; that in truth and in fact the defendant, never had an option to purchase the remaining one-third interest which he so unlawfully, falsely and fraudulently represented to the said H. M. Vanderver that the said defendant herein had; that the said defendant herein, S. Aiken Campbell, alias A. Campbell, had no authority whatsoever to dispose of any interest in the Polar Beverage Co., Inc.; that the said defendant, S. Aiken Campbell alias A. Campbell, while making said false representations and pretenses, aforesaid, then and there knew the same to be false when he so made them and so knowing the same to be false did then and there knowingly, wilfully and intentionally make such false representations and pretenses with intent then and there to injure and defraud the said H. M. Vanderver" . . .

Sentence was suspended as to the conviction under each of the remaining counts upon which the accused had been adjudged guilty.

Motion for a new trial having been made and denied, appeal has been perfected to review the judgment.

Count three charged the larceny of $200.00 alleged to have been committed on February 15, 1943.

Count four charged the larceny of $150.00 alleged to have been committed on April 1, 1943.

Count five charged the larceny of a written and printed order for the payment of money of the value of $150.00 alleged to have been committed on April 24, 1943.

The sixth count charged the larceny of $50.00 alleged to have been committed on May 1, 1943.

The seventh count charged the larceny of $50.00 alleged to have been committed on May 10, 1943.

The eighth count charged the larceny of $300.00 alleged to have been committed on June 1, 1943.

The appellant has posed four questions, which are as follows:

"Question One:

"Where property is obtained from the owner without any false representation of a past or existing fact known by the party obtaining such property to be false, and without any intent to defraud, should a conviction of the party so obtaining said property of the offense charged in 817.01 F.S.A. be sustained?"

Question Two:

"Where the accused is convicted under a count of the information charging grand larceny of property of the value of two hundred dollars, and under a subsequent count charging the obtaining of property under false pretenses of the value of eight hundred dollars, and both counts are predicated upon the same alleged statement of fact and grow out of the same business transaction, can a conviction under both counts of said information be sustained?"

Question Three:

"Where the owner voluntarily parts with both the possession and title to property to the accused intending to vest in him both possession and the title, should a verdict of guilty against the accused upon counts charging larceny be sustained?"

Question Four:

"Where during the course of his trial the accused was upon cross examination, and the prosecuting attorney asked him: 'Don't you know I don't believe anything you say?' and upon objection of counsel for accused the Court directed the prosecuting attorney not to interrogate the accused in this manner, and the prosecuting attorney, pretending to apologize, remarked in the presence of the jury: 'Well, I wish to withdraw the question and apologize to the court . . . Mr. Campbell, I am sorry I doubt your veracity.' Does such

statement by the prosecuting officer of the court invade and violate the fundamental right of the defendant to a fair and impartial trial?" and insists that on the answer to these questions the judgment should be reversed.

It is not necessary for us to summarize the evidence. It is enough to say that the evidence is sufficient to show the guilt of the accused under counts one and two of the information. This conclusion effectually disposes of "question one." Supra.

"Question two" is based on the erroneous assumption that the record shows that the two counts are based on one and the same transaction and constituted but one offense. The record shows that the first count is based upon a transaction involving a $200.00 check which occurred on December 15, 1942, while the second count is based upon a transaction involving $800.00 which occurred on December 30, 1942. It is true that both transactions resulted from one and the same general scheme and purpose, but each was not the same act as the other. Under the facts disclosed by the record, the State might have successfully prosecuted the appellant for the larceny of the $200.00 item referred to in count one and for the larceny of the $800.00 item referred to in count two, or it might have successfully prosecuted for the offense of receiving property by false pretense as to each transaction. The State chose to prosecute in one instance for larceny and in the other for obtaining property by false pretense.

Not every offense of larceny will constitute also the offense of obtaining property by false pretense, or visa versa, but there are some cases in which the fact will support a prosecution and conviction of either offense.

As to question three, supra, we may say it is well settled that where one gains possession of personal property by means of fraud or trickery with the preconceived purpose to appropriate the property to his own use and to deprive the owner thereof, the taking amounts to larceny because the fraud vitiates the consent of the owner to the taking and the owner is held to retain constructive possession of the property up to the time of conversion by the taker. See Finlayson v. State, 46 Fla. 81, 35 So. 203; Jarvis v. State, 73 Fla. 652, 74

So. 796; Groover v. State, 82 Fla. 427, 90 So. 336; McKinley v. State, 102 Fla. 632, 136 So. 380; Bussart v. State, 128 Fla. 891; 176 So. 32; Fitch v. State, 135 Fla. 361, 185 So. 435.

In Hayes v. State, 147 Fla. 713, 3 So. (2nd) 385, the appellant was convicted of grand larceny and the language of the court in affirming the judgment is peculiarly applicable to the case at bar:

"The record shows that the defendant by false and fraudulent representations as to material existing facts and imposing on the confidence of his victim, procured large sums of money from her to be used by him for a stated purpose. The logical conclusion is that he practiced the deception with the purpose and intent to deprive the victim of her money without consideration and to convert the same to his own use."

So this brings us to question four, supra. The question as stated is sufficient to present the contention of appellant.

We find no reason to reverse the judgment because of the action of the assistant county solicitor in this regard because certainly the statement complained of was not of such a nature as to violate fundamental guarantee of fair and impartial trial; nor does the record reveal that it was unlawfully prejudicial to the accused. When the accused becomes a witness in his own behalf he, while on the stand as such witness, occupies the status of a witness and all rules which are applicable to other witnesses are likewise applicable to him. He is entitled to the protection of the court to prevent abuse. If an attorney for the State or for the defense may be required to refrain from expressing doubt as to the veracity of a witness who is produced upon a trial, this writer apprehends that trial lawyers must become more proficient actors than advocates.

On the entire record we find reflected no reversible error.

Judgment is affirmed.

So ordered.

BROWN, THOMAS and SEBRING, JJ., concur.