Harold J. Berney was convicted of embezzlement, and he appeals.
Reversed. *Page 56 
The appellant was found guilty of embezzlement and has taken an appeal from the judgment.
The information upon which the appellant was tried charges that the appellant "being then and there the agent, servant and employee of one R.J. Foster, Jr., did then and there by virtue of his said employment as such agent, servant and employee receive and take into his possession the sum of * * * $1,135.00 * * * lawful money * * * of the said R.J. Foster, Jr. aforesaid, and did * * * then and there embezzle and fraudulently convert the same to his own use with the intent then and there to defraud him the said R.J. Foster, Jr. * * *"
The undisputed evidence offered in support of the charge shows that the appellant entered into a written contract with the prosecuting witness, R.J. Foster, Jr., to supply all materials and labor and to erect a completed building according to certain plans and specifications. The contract, dated and signed by the prosecuting witness on August 17, 1946 and by the appellant on September 6, 1946, contained a stipulation for the payment of the contract price as follows: "Twenty Five Hundred Dollars to be paid at the signing of this agreement and within Thirty Days from this date. R.J. Foster agrees to sign notes payable monthly over 30 month period, for the sum of $2,500.00 at 6% interest, also another note payable within 90 days from date for the sum of $580.00 at 6% interest to The Flamingo Sign Studio of St. Petersburg, Florida." According to the interpretation given the contract by the parties the initial payment of $2500 became due and payable to the appellant upon the day he signed the contract, and upon that day the prosecuting witness paid to the appellant the sum of $1135 as a part of said initial payment, upon the representation by the appellant that said sum would be needed and employed for the purpose of purchasing steel to be used in the building. Instead of purchasing the steel with the money the appellant pocketed the sum advanced and disappeared without returning the money, furnishing materials to the job, commencing work on the building, or showing other evidence of his intention to perform his contract. Subsequently, the appellant was apprehended in another State and upon his return to Florida was tried for embezzlement and found guilty upon the facts that have been stated.
All grounds of appeal urged by the appellant relate to the question of whether or not the facts stated make out a case of embezzlement as defined by the statute.
The information against the appellant was framed under Section 812.04, Florida Statutes 1941, F.S.A. This statute provides in part that, "* * * if any * * * agent or servant of any person, embezzles or fraudulently disposes of, or converts to his own use, or takes or secretes with intent so to do, anything of value which has been entrusted to him, or has come into his possession, care, custody or control by reason of his * * * employment * * * he shall be punished as if he had been convicted of larceny."
In order to make out a case of embezzlement under the statute the State was required to prove beyond a reasonable doubt (1) that the thing converted or appropriated was of such a character as to be within the protection of the statute; (2) that it was property belonging to the prosecuting witness; (3) that it was in the possession of the appellant at the time of the conversion, so that no trespass was committed in taking it; (4) that appellant occupied the designated position of servant or agent of the prosecuting witness at the time of the conversion and that the property came into his possession and was held by him by virtue of such relationship; (5) that his dealing with the property constituted a conversion or appropriation of the same; and (6) that there was a fraudulent intent to deprive the prosecuting witness of his property. Compare Dunkle v. State, 98 Fla. 985,124 So. 725; McKinley v. State, 102 Fla. 632, 136 So. 380; Lynch v. State, 148 Fla. 566, 4 So.2d 709. *Page 57 
Proof of at least two of these indispensable elements was lacking in the evidence offered by the prosecution. The appellant was not the "servant" of the prosecuting witness within the meaning of the statute, because with respect to the transaction he was not under the immediate direction and control of the prosecuting witness and under the duty of obeying him in the performance of the particular service at all times and in every particular, all of which would be necessary to constitute him a servant. Tipton v. State, 53 Fla. 69, 43 So. 684; Vol. 38 Words and Phrases, Perm.Ed., Servant, pages 660 et seq; Whart Cr. Law, Sec. 1267, 12th ed.; 29 C.J.S., Embezzlement, § 14, page 690. Neither was he the "agent" of the prosecuting witness within the meaning of the statute, because the term "agent" necessarily contemplates the existence of a "principal" and implies employment or service coupled with delegated authority to manage some affair for and on behalf of the principal and on his account, and to render an accounting of it. See Tipton v. State,53 Fla. 69, 43 So. 684; Vol. 2 Words and Phrases, Perm.Ed., Agent, pages 733, et seq; 29 C.J.S., Embezzlement, § 15, page 691. And in the case at bar it never was the understanding of the parties that the purchase of the steel by the appellant should be in the name and stead of the prosecuting witness or for or on his behalf, but that appellant should purchase it in his own name and on his own account and apply the money so advanced for the purpose on the total contract price, which under the terms of the contract was partially payable during the course of construction and before the final completion of the building.
The State has failed to prove that the money taken was property belonging to the prosecuting witness, because under the facts of the case the money paid over did not retain its character as property of the prosecuting witness after it had been placed in the hands of the appellant, but became, in law, the property of the appellant as partial payment on the contract; therefore, no matter what other liability or penalty the appellant may have incurred by reason of his conduct in pocketing the money instead of applying it to the contract he could not have been guilty of embezzlement.
It follows that the judgment appealed from should be reversed.
It is so ordered.
THOMAS, C.J., and ADAMS, BARNS, and HOBSON, JJ., concur.
TERRELL and CHAPMAN, JJ., dissent.