FLOYD, Associate Justice.
Appellant was indicted in, two counts, .each charging larceny of pulpwood of the value of $1,920, and each count being differently phrasedj but both charging violations under Section 811.021, Florida Statutes, F.S.A. After trial, the jury returned a verdict of guilty on the second count which charged that appellant did unlawfully, designedly and by a false pretense, intend to defraud H. E. Cunio of a certain quantity of pulpwood. At the close of the evidence, appellant moved the Court to • require the State to elect which'of the two coimts upon which <it would stand. This‘Motion was denied. The ruling, however, was not assigned as error, and the State therefore contends that appellant’s question raised in his Brief, predicated upon this ruling, is not properly before the Court. • ■ ' -,
The evidence reflects that the appellant visited R.. E. ,.,Cunio in Mayo, Florida, for the purpose of discussing the purchase of pulpvyood timber. At the time, H. E. Cunio was also visiting in Mayo, and the" negotiations concluded with an oral agreement that appellant would purchase pulpwood timber belonging to H. E. Cunio located in Dixie County. Appellant represented himself to be thé agent or representative of' St. Mary’s Kraft Corporation and stated that he did all-the woodcutting 'for that firm. It'was on the strength of this representation by the appellant that motivated the Cunio brothers to enter into the oral agreement with appellant. . Subsequently, appellant did cut 'the .timber from the land owned by R. E. Cunio, and the- evidence reflects that for this timber’R. E. Cunio was paid by appellant.' During the same interval, appellant cut? further timber from .the land in- Dixie County belonging to -H-. E. Cunio, out of which the larceny charge grew..
Appellant’s .version, among other .things, was that he did- not- so represent .himself as an agent of the St. Mary’s.Kraft Corporation, but stated that he- told the- Cunio brothers he .was formerly. with that company, Further, that he. had. paid .the sum of .$1,040 for thirteen carloads of. pulpwood to a Wilbur , Cason, who was supposed to be the representative of the fee simple owners of the .timber lands in' Dixie County at the time the oral negotiations were taking place between the Cunios and appellant, but from which owners H. E. Cunio had an agreement for deed which subsequently re1 suited in fee simple title being transferred to H. E. Cunio. These matters went to the jury and were resolved by the. jury verdict.
Appellant also contends that pulpwood, before conversion, was standing timber and therefore part of the realty and could not *374 be the subject of larceny since it was the standing timber appellant agreed to purchase.
We find no error committed by the Trial Court. Appellant did not assign as error the ruling of the Trial Judge whereby his Motion to require the State to elect upon which of two counts in the indictment it stood was denied. Nor can an assignment of error on this proposition be inferred from the general assignments of error contained in the record. It is therefore not necessary to pass upon this contention.
 The testimony of the prosecuting witness and the testimony of the appellant and his witness were before the jury, and it was for that body to reconcile conflicts in the evidence in the light of the degree of credibility attached to the witnesses.
With regard to the proposition that standing timber is not subject to larceny, the facts of this case do not sustain this theory although the owner gave his consent to the removal of the pulpwood timber by appellant. It is well settled that where one gains possession of personal property by means of fraud or trickery with the preconceived purpose to appropriate the property to his own use and to deprive the owner thereof, the taking amounts to larceny. This is so, because the fraud vitiates the consent of the owner to the taking, and the owner is held to retain constructive possession of the property up to the time of conversion by the taker. See Groover v. State, 82 Fla. 427, 90 So. 473, 26 A.L.R. 373; Campbell v. State, 155 Fla. 359, 20 So.2d 127.
We have examined the record, and find no reversible error. It is therefore ordered that the judgment of. the lower court be, •and the same is hereby, affirmed.
DREW, C. J., and THOMAS, SE-BRING, HOBSON and THORN.AL, JJ., concur.
TÉRRELL, J., dissents.