HORTON, MALLORY H., Associate Judge.
The appellant was charged, tried, convicted and sentenced to a term of five years in the state prison for a crime against nature. He appeals from the judgment of conviction and sentence.
The appellant has raised several points which he contends require reversal, only two of which deserve comment. They concern the trial court’s restriction of the defendant’s cross-examination of the prosecuting witness and the alleged prejudicial effect of certain impeachment testimony offered by the state in an attack on the appellant’s credibility as a witness.
At the trial the prosecuting witness admitted that on his first visit to the county solicitor’s office he made a statement inconsistent with his present testimony and testimony given under oath both before the county solicitor and at the preliminary hearing. However, he testified that he made the inconsistent statement only after being threatened by the appellant, and that his present testimony and that given under oath both before the county solicitor and at the preliminary hearing was in fact the truth. The trial judge refused to permit the appellant’s counsel to further pursue this line of questioning and ask whether the inconsistent statement was given under oath. We hold that the trial judge was correct in frustrating what was no more than an attempt to impeach the state’s witness on an immaterial issue. See Lockwood v. State, Fla.App.1958, 107 So.2d 770.
The appellant took the stand in his own behalf and on cross-examination was asked by the prosecutor whether or not he had had certain conversations with two pastors and an assistant chief of police in which he admitted being a homosexual. Appellánt admitted the conversations but denied making such an admission. These three witnesses were then brought on and each .related a conversation had with the appellant in which he admitted being a homosexual. Appellant contends it was error to admit this testimony as it brought out new evidence not in rebuttal of anything offered by the appellant. We find this contention to be without merit.
 A defendant in a criminal case has the choice of testifying or remaining mute, but when he takes the stand as a witness in his own behalf, he occupies the same status as any other witness, and all the rules applicable to other witnesses are likewise applicable to him. Section 918.09, Fla.Stat., F.S.A.; Campbell v. State, 155 Fla. 359, 20 *19 So.2d 127; Taylor v. State, 138 Fla. 762, 190 So. 262. It was not improper for the prosecutor to lay the predicate for impeachment and follow up the predicate so laid by the introduction of testimony contradicting the testimony of the appellant. See Taylor, v. State, supra.
We have considered the appellant’s remaining contentions on the record, briefs and oral arguments, and find them to be without merit. No reversible error having been shown, the judgment appealed is affirmed.
Affirmed.
SHANNON, C. J.,. and ALLEN, J., concur.