WALDEN, Judge.
Al Smolen and Joel Courtman were charged, tried and adjudged guilty of the crime of uttering a worthless check under F.S.A. § 832.05(3). They appeal. We reverse.
Our consideration is addressed to the trial court’s instructions to the jury. Uncertainty and confusion attended this trial step.
F.S.A. § 832.05(2) defines and provides for one certain crime entitled, “Worthless checks; penalty.” F.S.A. § 832.05(3) defines and provides for another certain crime entitled, “Obtaining property in return for worthless checks, etc.; penalty.” The two crimes, while alike in some particulars, contain certain critical differences. They are separate and distinct from each other with the titles being fairly descriptive of the offenses.
The error committed which we find to have been preserved for our consideration was the action of charging the jury in a fashion which, in defining the crime charged, interwove portions of the two' above mentioned statutory sub-sections. The trial court conscientiously reviewed the matter and concluded that only harmless error had been committed for that the charge as given, while different, did not place any greater burden upon the defendants than did the statute under which they were charged.
We are not certain as to what burden was placed, it being our view that the charge *862 was fatally confusing and defective because it contained contradictions and defined an offense different from that with which defendants were charged.[1] Because of this we feel that there has been a departure from the essential requirement of the law which requires that defendants be afforded a new trial.[2]
Reversed.
SMITH, C. J., and ANDREWS, J., concur.

. Ziegler v. State, 1928, 95 Fla. 108, 116 So. 241 (questioned on other grounds in Chavers v. State, Fla.1950, 45 So.2d 180).

. See F.S.A. § 920.05(1) (g). See also 32 Fla.Tur., Trial, §§ 164-165.