ROBERT H. HERRING V. STATE.

180 So. 15.
Division A.
Opinion Filed March 3, 1938.
Rehearing Denied April 7, 1938.

*Van C. Swearingen,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

BUFORD, J.—The writ of error brings for review judgment of conviction of the crime of embezzlement as defined by Section 5146 R. G. S., 7247, C. G. L.

The information was in one count and charged: "That Robert H. Herring of the County of Dade and State of Florida, on the 15th day of February, in the year of our Lord, one thousand nine hundred and thirty-seven, in the County and State aforesaid, being then and there the agent, clerk, servant and employee of one Beach Cafeterias of America, Inc., a corporation, did then and there unlawfully embezzle and fraudulently convert to his own use certain money of the Beach Cafeterias of America, Inc., a Florida corporation, aforesaid; to-wit: Two HUNDRED THIRTY-EIGHT DOLLARS and EIGHTY-ONE CENTS ($238.81), lawful money of the United States of America, of the value of $238.81, lawful money of the United States of America, the property of the said Beach Cafeterias of America, Inc., a Florida Corporation, a more particular description of which said money is to the County Solicitor unknown, and which said money came into the possession of him, the said Robert H. Herring, by reason of his said employment of such agent, clerk and servant of the said Beach Cafeterias of America, Inc., a Florida corporation, contrary to the form of statute in such cases made and provided, and against the peace and dignity of the State of Florida."

The verdict of the jury was as follows: "We the jury, at Miami, Dade County, Florida, this 29 day of July A. D. 1937, find the defendant Robert H. Herring, guilty, $238.81. So say we all."

The information was entirely sufficient to charge the offense under the statute above referred to.

It is the contention of the plaintiff in error that the evidence was insufficient to sustain a verdict and judgment of conviction and that the verdict was so vague and indefinite as not to be responsive to the charge and was insufficient to constitute the basis for a valid judgment.

The pertinent evidence establishes the fact that Beach Cafeterias of America, Inc., was operating a cafeteria in Miami Beach, Florida, on February 15th, 1937; that the defendant was employed as operating manager of the cafeteria. There is some evidence that because of previous defalcations he was not generally entrusted with the handling of the money received in the cafeteria but at the time the offense is alleged to have occurred the defendant, who had authority to hire and to fire employees and who generally directed the management of the cafeteria, had allowed the regular cashier to leave the place of business for treatment of an aching tooth. The defendant put another girl at the cashier's desk to take the place of the regular cashier. The regular cashier knew the combination of the safe but the substitute cashier did not. When closing time came the regular cashier had not returned. The substitute cashier asked the defendant what she should do with the cash on hand, which was $238.81. He suggested that she turn it over to him, saying "I'll take care of that." The young lady turned the money over to Mr. Herring as manager in charge of the cafeteria. He absconded with the money.

Under this state of facts, it is, evident that the money came into his hands by reason of his employment as agent of owners in the position of manager of the cafeteria. The proof is ample that he converted the money to his own use and violated the statute above referred to. See Lilly Neal v. State, 55 Fla. 140, 46 Sou. 845, 19 L. R. A. (New Series) 371.

In considering the sufficiency of the verdict, we first take note that the Information was in one count; that it charged the statutory offense of embezzlement of the sum of $238.81. The record shows that this was the offense which the jury had under consideration. Therefore, the verdict of guilty applied to that offense and to no other.

In Jarvis v. Chapman, 118 Fla. 577, 159 Sou. 282, it was held that every presumption is in favor of correctness of verdict and judgment in criminal cases.

In this no objection was made to the verdict when rendered and while the finding of the jury may 'have been more clearly stated, we think that the statement contained in the verdict was sufficient to show that the jury had agreed on a verdict of guilt of the defendant of the embezzlement of property, to-wit: $238.81. It has been held that mere inaccuracy of expression will not vitiate the verdict if the intention of the jury is clearly manifest in the language used. See Richardson v. State, 72 Fla. 154, 72 Sou. 665; also O'Neal v. State, 54 Fla. 96, 44 Sou. 940.

Under the whole record, it may be said to clearly appear that it was the intention of the jury to find the defendant guilty as charged in the information of embezzlement of the sum of $238.81 of the property of Beach Cafeterias of America, Inc., a corporation.

For the reason stated, the judgment should be, and is, affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.