756 So.2d 156 (2000)
Charles F. ESSKUCHEN, Jr., Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 5D99-1368.
District Court of Appeal of Florida, Fifth District.
March 17, 2000.
Rehearing Denied April 25, 2000.
*157 Michael A. O'Brien, and Paula C. Coffman, Orlando, for Appellant/Cross-Appellee.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee/Cross-Appellant.
HARRIS, J.
Esskuchen was convicted of racketeering, multiple counts of securities fraud, multiple counts of sale of unregistered securities, multiple counts of sale of securities by an unregistered agent, and organized fraud of over $50,000. He appeals; we affirm.
First, Esskuchen argues that the securities involved in this action were exempted from the filing requirement and that the State erred in interpreting the statute in effect at the time alleged in the information as requiring that the investments be "prime quality negotiable commercial paper" in order to be exempted. Appellant notes that the legislative addition of this specific requirement was added after the events alleged in his charges. We agree with the State, however, that such addition was for clarification only and did not change the effect of the previous statute. Our act was patterned after the federal act which required that securities be "prime" investments in order to be exempted from filing requirements. See S.E.C. v. American Board of Trade, Inc., 751 F.2d 529, 538-39 (2d Cir.1984). Further, the act which specifically added this language referred to it as a "clarifying application of a securities registration exemption."
*158 Esskuchen also contends that the court erred in permitting into evidence records which included information about investors not mentioned in the information. The trial court believed these records were relevant to the charges of racketeering and organized fraud. Even if error, we find the admission of these records without excising those of other investors was, at worst, harmless.
Esskuchen next argues that proper venue was not established for a number of the charges. Esskuchen operated from offices in Seminole and Volusia Counties when dealing in these securities, but some charges relate to instances in which his sales representatives contacted potential investors and consummated securities sales in counties in which Esskuchen had no office. However, the offenses charged in this case relating to sales of securities by an unregistered agent are based on section 517.12, Florida Statutes, which prohibits the sale of securities "from offices in this state ... by mail or otherwise" by an unregistered dealer. If Esskuchen operated securities offices (unregistered) in Seminole and Volusia Counties and sold securities (unregistered) from said offices by use of representatives, then we believe venue is proper both in the county in which such offices are located and from which representatives are illegally sent and in the county in which said representatives illegally transact the exchange of the unregistered securities.
Next, Esskuchen argues that he was entitled to a mistrial on certain counts in which a clerical error was discovered after the court "accepted" the verdict and before the jury was discharged. On seven of the counts involving securities fraud, the jury form indicated that the jury could find the defendant guilty or not guilty of racketeering. The jury found him guilty in each case. The court received the verdict from the foreman and delivered it to the clerk to be read. During the reading of the verdicts, the error was discovered. The jury, of course, had not been polled. The court gave the jury the opportunity to correct the forms and sent the jury back to deliberate the charges. The same verdict of guilty resulted. Esskuchen claims the verdict was received when it was read in open court and it was too late to correct the error. We disagree. We believe a clerical error in the verdict form which becomes apparent before the jury is polled or discharged may be resubmitted to the jury for clarification or correction.
We find no merit to the State's crossappeal.
AFFIRMED.
COBB, J. and ORFINGER, M., Senior Judge, concur.