STONE, J.
We affirm Fertilien’s conviction and sentence. At the conclusion of the jury trial on charges of trafficking in cocaine, resisting arrest without violence, and bribery, it was noticed that the verdict form failed to include the word “guilty” as to count I. Nevertheless, the jury had checked the space that otherwise indicated he was guilty of trafficking in cocaine
When the verdict was being read, the court recognized the error and attempted to correct it by inserting the omitted term “guilty” and re-read the verdict as to count I, indicating that the jury had found Fer-tilien guilty. When polled, the jurors agreed that the verdict as read was their verdict. Outside the presence of the jury, defense counsel asked the court to amend the verdict form to read “Guilty.” The court proposed to have the jury return to clarify whether the verdict was guilty. Defense counsel agreed, initially, but after talking to Fertilien, moved for mistrial. The court denied the motion and then asked the members of the jury to return to the courtroom. In open court, each member of the jury was asked whether she or he had found Fertilien guilty or not guilty of trafficking in cocaine. They all indicated that they had found the defendant guilty.
Notwithstanding that Fertilien never requested that the jury return to the jury room for further deliberation, he argues here that the trial court should have sent the jury back into the jury room for further deliberations, rather than ask the jury to confirm their verdict in open court.
A ruling on a motion for mistrial is within the sound discretion of the trial court. Cole v. State, 701 So.2d 845, 853 (Fla.1997). Here, Fertilien was not so prejudiced by the defect in the verdict that the error, in the manner it was addressed, deprived him of a fair trial. It has long been recognized that “mere inaccuracy of expression will not vitiate the verdict if the intention of the jury is clearly manifest in the language used.” See Herring v. State, 131 Fla. 627, 180 So. 15, 15 (1938)(holding that jury verdict which read, ‘We the jury, ... find the defendant Robert H. Herring, guilty, $238.81” was sufficient where defendant had been charged with embezzlement of the sum of $238.81).
Here, it is clear from the verdict form that the jury intended to find Fertilien guilty of the offense for which he was charged. The verdict form instructed the jury to “select only one” of the statements listed on the form. As to count I, the jury could have placed a mark in front of the statement, “not guilty” as it did for the other two counts. Instead, the jury placed a check mark next to the charge “Trafficking in Cocaine.” Further, when polled, the jury confirmed that it had submitted a verdict of guilty, as to count I.
Fertilien urges this court to construe Esskuchen v. State, 756 So.2d 156 (Fla. 5th DCA 2000), as mandating that failure to have a verdict resubmitted to the jury for further deliberations when the verdict contains a clerical error is fundamental error. In Esskuchen, the defendant argued that it was too late to correct an error in the verdict form once the verdict was read. The Fifth District rejected this argument and held that “a clerical error in the verdict form which becomes apparent before *452 the jury is polled or discharged may be resubmitted to the jury for clarification.” Id. at 158.
We see nothing in Esskuchen that proscribes the method used by the trial court, here, in clarifying the jury’s verdict.
We conclude that there is no single method of resolving an error in the verdict form. As such, the trial court did not abuse its discretion by denying the motion for mistrial. Further, Fertilien did not demonstrate that the court’s failure to resubmit the corrected verdict to the jury for further deliberations was fundamental error.
STEVENSON and MAY, JJ., concur.